Strong, 'J.
 

 It was decided by the supreme court in 1827,
 
 (Ex parte the Peru Iron Company,
 
 7
 
 Cowen,
 
 540,) that a senior judgment creditor may acquire the title of a purchaser at a sheriff’s sale of land under a junior judgment. That decision has remained undisturbed, and, so far as I know, undisputed, until the discussion was had in this case. It has no doubt constituted an extensive rule of action, which should not therefore be overthrown without the most cogent reasons. The language of the statute is broad enough to include both senior and junior judgments. It says (§ 51) that
 
 any
 
 creditor having a decree or judgment rendered at
 
 any time
 
 before the expiration of fifteen months, which shall be a lien upon the premises sold, may ac
 
 *487
 
 quire the right of the original purchaser. It is tiue, that the statutory remedy may not ordinarily be requisite to protect the rights of the senior creditor, as they are not affected by the sale under a junior judgment. But it will save the expense of a subsequent sale, and secure the purchaser, at all events, the reimbursement of the money advanced by him, which he might otherwise lose altogether, and may therefore result beneficially. Besides, when the sale has been effected under two judgments of different dates, and there is an intermediate' judgment creditor, the right of substitution given by the statute is absolutely necessary to protect his interest, as otherwise he would be precluded from enforcing his original lien by the sale under the first judgment. Possibly injurious.consequences may occasionally result from this construction of the act, but they are not of sufficient consequence to require us to give to its language any other than a literal interpretation.
 

 It is quite clear that the relator could not acquire the rights of the original purchaser in the property, on the judgment under which his execution had been' issued and the sale had been made; (§ 58;) but it is equally clear from the same section of the statute, that he might avail himself of his other judgment “in the same manner and on the same terms as any other creditor.”
 

 I cannot, however, agree with the court below, that the relator, even if he had been precluded from the right to acquire the title of the purchaser under his own senior judgment if the sale had been solely under his junior judgment, might nevertheless have exercised it in this case, as the sale was also made under two judgments in favor of others of a still prior date. The sale was a single act under the three judgments, and the purchaser acquired his title under each, and had a right to resort to them conjointly or separately to retain or enforce it.
 

 The statute
 
 (§
 
 50) confers the right which I am considering upon any creditor having in his own name or as
 
 assignee, representative,
 
 trustee or otherwise, a decree or judgment. By specifying both assignee and representative, it was no doubt designed to draw a distinction between the two. “ By representatives,” was meant assignees in law, such as executors and admin
 
 *488
 
 istrators, (27
 
 Henry
 
 8, 2
 
 Dyer
 
 6,) while the term assignee was designed to specify only such as are created by deed. This is the proper construction where both terms are used. And when the word assignee only occurs, and there are both an assignee in deed and in law, (such as an executor or administrator,) the application of the term is made to assignees in deed only.
 
 (Jac. Law Dic. title “Assigns or Assignees.”)
 
 The statute does not require any proof of the identity of the original judgment creditor, or of the character of the representative. If the officer making the sale, purchaser or creditor, can exact what the statute does not, it should be reasonable proof only. The affidavit of the applicant is sufficient as to the amount due, and I can see no reason why it should not be adequate proof of identity or representative character. The danger of imposition in either case is very slight.
 

 The provision of the act requiring the production of a copy of the assignment of a decree or judgment must of course refer to assignments by deed or other written instrument. It could not be designed to include assignments by operation of law, as hey are not in writing. Letters of administration are not an assignment, nor do they per se transfer that title to the personal property left by the deceased. That results from the'decease of the former proprietor, and the appointment of his administrators. 1 am satisfied that the legislature designed to use the term in its ordinary acceptation. “ An instrument setting over or transferring the interest a man has in any thing to another.”
 
 (Jac. L. Dic. tit. Assignment.”)
 
 It was not therefore necessary for the relator to produce to the sheriff a copy of the letters of administration.
 

 The act requires that where the copy of an assignment is produced by the creditor, it must be verified by his affidavit or the affidavit of some
 
 witness to the instrument.
 
 It has been supposed that where the paper is presented by an agent, its execution may be proved by his affidavit, although he may not have been in the language of the act, “ a witness to such assignment.” To that I cannot assent. Where an act can be as well performed by an agent as by the principal, the personal agency of the latter is not required, but it is different where from
 
 *489
 
 the nature of the transaction there can be no effectual substitution. The personal knowledge from which the party must swear cannot be transferred to another, nor can the responsibility of an oath or the liability to punishment for perjury. I am clear that where a statute requires an oath from the principal it cannot be satisfied by the oath of an agent.
 

 As the relator did not make an affidavit in person, it was necessary that it should be done by some witness to the assignment. By the word witness I understand the statute to mean some one who was present at the execution of the instrument and is competent in law to prove it. It is a sound and the only safe rule in the construction of a statute, to consider it as using words according to their legal interpretation. If therefore there had been a subscribing witness in this case, and his affidavit could have been procured, no other witness would have been competent. But the statute does not go the length of saying that if there was not a subscribing witness the execution of the instrument could not be proved by any other person. Any one who saw the party subscribe the assignment was in fact a witness to it, and would, when there was no subscribing witness, be competent to prove it in a court of justice. I am satisfied that a witness who would be competent to prove the execution of the assignment in ordinary cases, and whose description corresponds with the phraseology of the act, could make the requisite affidavit in this case.
 

 The assignment of the judgment was brief and informal, but it was sufficient to pass the title to the relator. This is all wnich the statute requires. The certificate of the clerk designates the judgment with great precision, and it is also identified by the affidavit of the agent.
 

 It is no valid answer for the sheriff to say that innocent persons may suffer if he is set right.- He must do his duty at all events, and that requires that he should execute a deed to the ■ elator.
 

 The judgment of the supreme court must be affirmed.
 

 Judgment affirmed.