THOMAS CHAVENER, Appellant, *v.* S. A. WOOD, Respondent.

*Appeal from Jackson County.*

1. One of two partners, with the knowledge and assent of the other, gave a promissory note, secured by mortgage, in the name of the firm, "I. D. Haines & Brother." I. D. Haines executed and acknowledged the mortgage.—*Held*, that the mortgage was a legal one, as to the interest of I. D. Haines, and equitable as to the interest of R. H. Haines.
2. Wood subsequently took a mortgage upon the same premises, executed properly by both partners, without actual notice of the equities between Chavener and R. H. Haines, and no knowledge, in fact, of the mortgage to Chavener.—*Held*, that Wood's mortgage is prior to Chavener's, as to the interest of R. H. Haines, and is a legal mortgage as to the interests of both I. D. and R. H. Haines.
3. Effect of a foreclosure suit under the Statutes of Oregon, as regards the nature of the decree, and as regards subsequent lien creditors, made parties to the suit.
4. Plaintiff in execution, becoming the purchaser, extinguishes his specific lien upon the premises.
5. Who may redeem, and upon what terms.

IN the year 1860, I. D. and R. H. Haines were partners in trade, doing business under the firm name and style of "I. D. Haines & Bro." They were also tenants in common of a lot of land in that town, which they occupied for partnership purposes. On the 30th of March, 1860, I. D. Haines, managing partner, executed a promissory note in the name of the firm to the respondent, to secure the payment of which

there was, at the same time, a mortgage given on the property above named. The mortgage was executed by I. D. Haines, who signed it with the firm name, " I. D. Haines & Bro.," and himself acknowledged it before the proper officer. It was duly witnessed; another certificate of acknowledgment was in due form. It was filed for record on the 17th of July, 1860. The consideration of this note and mortgage was $1,724, money loaned by respondent to the firm. R. H. Haines, the other partner in the concern, knew of the loan, and of the execution of the note and mortgage, and assented to the whole transaction. On the 12th of November, 1860, the two partners, both in their individual capacity, executed a mortgage upon the same property to the appellant, Wood. This mortgage was executed, acknowledged and recorded with all the formalities required by law. The date of its record is November 13th, 1860.

Chavener brought suit in the Circuit Court of Jackson county against the two Haines to foreclose his mortgage, and made Wood a party according to the provisions of statute; Wood filed his answer, setting out his mortgage, claiming a priority over the mortgage to Chavener as to the entire lot and the interest of both the Haines, and praying a decree of foreclosure on his own behalf, and a distribution of the proceeds accordingly. The Circuit Court held Chavener's mortgage to be a good legal mortgage as to I. D. Haines, and a valid lien upon the legal estate of I. D. Haines in the property. It was also held that as to the interest of R. H. Haines this mortgage was only an equitable one, and that so far it should be postponed to the mortgage of Wood; but, that as to the interest of I. D. Haines it was a lien prior to that of Wood. In conformity with this decision it was decreed that the property be sold, and the proceeds applied, first to pay the costs, and the remainder in equal shares upon the mortgages of Wood and Chavener. Sale of the property was made, and distribution of the proceeds according to the decree. Chavener was the purchaser. After sale, and within

the time for redemption, Wood proceeded in due form to redeem, claiming a right to the whole property. The sheriff received the money, and executed to Wood a certificate of redemption. Chavener denied the right of Wood to redeem upon the terms allowed by the sheriff, and applied to the court to set aside the proceeding before the sheriff, and to annul the certificate of redemption. The court sustained the petition, and set aside the proceedings concerning the redemption. From the original decrée of sale and distribution, and from the supplemental order Wood appealed.

*B. F. Dowell, Esq.*, for appellant, claims as errors :

1st. In finding that Chavener's mortgage is a legal mortgage as to the interest of I. D. Haines.

2d. In finding that Chavener's mortgage was first duly recored, and was constructive notice to Wood as to the interest of I. D. Haines.

3d. In decreeing one-half only of the proceeds of sale to Wood ; and,

4th. In denying to Wood the right to redeem. (9 *Cal.*, 365 ; 21 *Cal.*, 108.)

*O. Jacobs, Esq.*, for respondent, claims :

1st. That Chavener's mortgage is a legal one as to I. D. Haines. 2 *Hilld. Real Est.*, 350., *secs.* 10, 12, 13 ; 9 *Johns.*, 285 ; 4 *Mass.*, 438 ; 6 *Pick.*, 86 ; 9 *Mass.*, 218, and other authorities.

2d. That it was a legal mortgage as to R. H. Haines. (*Story's Agency, sec.* 51 ; 11 *Pick.*, 400 ; 19 *Johns.*, 546 ; 4 *Met.*, 548.)

3d. That Wood was not a subsequent lien creditor on any property separately sold ; and,

4th. That Chavener was a prior lien creditor and a purchaser, and Wood could only redeem by full payment of Chavener's lien. (*Code, secs.*, 297, 8.)

Chavener v. Wood.

SHATTUCK J.    The questions for decision by this court are these: 1st. What effect is to be allowed to these mortgages respectively, and relatively, to each other.    2d. What relation do the parties to this decree sustain to each other, and to the property involved.    3d. Had Wood a right to redeem; and if so, what estate, and upon what terms.

Chavener insists that his mortgage is a valid lien, prior to that of Wood, upon the whole lot, as well as upon the interest of R. H. Haines; and claims a full payment of his debt out of the proceeds of the property; although, on account of being the purchaser, he does not appeal from the decree of the court below.    Wood, on the other hand, insists that Chavener's mortgage is only an equitable mortgage, and should be postponed as to the interest of both the Haines brothers to his own.

We are of opinion that neither of these claims is altogether just, or authorized by our statutes.    Upon authority of the elementary writers, and of the cases adjudged, as well as upon the reasonable and consistent view of such transactions, we hold that a deed made by one partner, in the name of the firm, purporting to convey away the property of the firm is valid and effectual, as a conveyance of the interest of the partner, who, as in this case, has affixed his own name to the deed and personally acknowledged it, as well for himself as for the firm.    The circumstance of undertaking to convey the estate of his copartners, and describing the granters, as well in the body of the deed as in the signature, as "*I. D. Haines & Bro.*," does not change the fact that I. D. Haines signed, sealed and acknowledged the deed for himself; nor can it alter the manifest intention of the party to convey his own interest.    *Story on Part.*, secs. 94, 119, 120, and authorities there cited; 2 *Hil. R. Est.*, ch. 84, secs. 10–14, *and references;* 9 *Johns.*, 285; *Statutes of* 1855, *p.* 476, *sec.* 1. We think the mortgage to Chavener was a good and sufficient conveyance of the legal estate of I. D. Haines in the property mortgaged, for the purposes mentioned in the instru-

ment; and that as to the interest of I. D. Haines, it was duly recorded, and is prior to that of Wood. We also conclude, upon the authorities above referred to, that it is a good, equitable mortgage as to the interest of R. H. Haines; because he had knowledge of and assented to its execution, and the money for the payment of which it was given as a security, was used in the partnership business. As between Chavener and R. H. Haines, the whole land was equitably bound for Chavener's debt; but it appears from the evidence that Wood had no actual notice of the equities subsisting between Chavener and R. H. Haines, and did not, in fact, know of Chavener's mortgage until long after his own had been executed. He was, nevertheless, chargeable with knowledge from the record of that mortgage, so far as the same was properly admitted to record; that is, according to our views, as to the interest of I. D. Haines; but as to the interest of R. H. Haines, Wood's mortgage is prior to that of Chavener, because, besides having an equity, as a condition, equal to Chevener's, he has also the legal estate, and, according to the maxim in equity applicable in such cases, is to be preferred. We hold, therefore, that the rulings and decree of the court below were correct, and ought, in this respect, to be affirmed. The relations of the parties to this decree and to the property involved have been discussed. This depends upon the construction of the statute. *Section* 40 *of the Code* provides that, in a suit of this kind, " any person having a lien subsequent to the plaintiff, &c., &c., *shall be made a defendant,* &c." And section 412 requires the court to make " a decree in reference to such lien, and the debt secured thereby, as if the defendant were a plaintiff in the suit." Section 413, last clause of subdivision two, declares that such decree " shall be deemed a separate decree" as to each person having a separate lien, and it " may be enforced accordingly." We hold that this decree is, in respect to the several rights of Chavener and Wood, by a fair construction of the statute, to be regarded as a separate decree for each; and that, for most purposes, it leaves the

parties as they would be if there had been a separate suit and decree therein on behalf of each. Upon the question of redemption, it is claimed that, under the statute providing for redemption, the liens of these mortgages were merged in the decree, and, for the purposes of redemption, the parties have contemporaneous liens, and there is no place for redemption. This point is disposed of by the opinion we have expressed above concerning the relation of the parties to each other and to the property involved in the decree. The priority of a party's lien is in no way affected by such decree. The decree may ascertain and declare what it was and legally ought to be, but cannot divest it. It is further claimed, that if Wood had a right to redeem, he could do so only upon the payment of the whole of Chavener's judgment and decree ; since Chavener is purchaser on the sale, and · the amount of his debt justly exceeds the amount of his bid. The money paid upon redemption was only the amount bid and interest, as required by statute. We do not think the claim here made should be allowed. *Section* 298 *of the Code* provides as follows : " A lien creditor may redeem the property within sixty days from the date of the order confirming the sale, by paying the amount of the purchase money, with interest, at the rate of two per centum per month, thereon from the time of sale, together with the amount of any taxes which the purchaser may have paid thereon ; and, if the purchaser be also a creditor, having a lien prior to that of the redemptioner, the amount of such lien, with interest." The last clause of this section, providing that " if the purchaser be also a creditor, having a lien," &c., we think contemplates and refers to some other lien than that upon which the sale is made.

The object of a sale is to extinguish the specific lien upon the particular property sold by appropriating the property, or so much of it as is necessary to the payment of the debt. A purchase upon execution accomplishes this object, and divests the holder of the lien upon which execution issued, of any further claim ; and by the purchase, a pur-

chaser acquires no rights as against a redemptioner, except to tack to his bid any lien he may hold, intervening between the judgments or decree on which the sale was made, another lien of the redemptioner, or which is altogether prior to the lien of the execution creditor. This is clearly so in case the purchaser is a stranger to the judgment or decree on which the sale was made, and it cannot be contended that, when a stranger purchases property at an execution sale, the execution creditor has a right take the property from the purchaser by paying the amount bid and interest at two per centum per month, for the purpose of tacking thereto the unpaid balance of his judgment. We are unable to perceive any difference when the execution creditor is himself the purchaser. We do not think that an execution creditor, by becoming a purchaser upon his own execution, can alter the character and effect of the sale, or establish any new relation between a purchase on execution and the lien upon which it is based. By bidding in the property, an execution creditor elects to take the land of his debtor for so much as he bids, and to look to other property of his debtor for the balance of his debt. Upon this construction of the statute, and upon the facts in this case, we hold that Chavener is to be deemed to have a decree for the sale of the interest of I. D. Haines in the property mortgaged, and Wood to have a decree for the sale of the entire estate of both the Haines brothers in the property, subject, however, to the prior lien of Chavener upon the undivided half belonging to I. D. Haines; and that the sale is in effect the same as a sale upon several executions issued upon such decrees. Chavener, by his bid, became the purchaser of the whole estate; of the interest of R. H. Haines, absolutely, as to Wood, and of the interest of I. D. Haines, subject to redemption by Wood. The interest of R. H. Haines is not redeemable by Wood, because it was sold as upon Wood's execution, and he received the purchase money. The interest of I. D. Haines may be redeemed by Wood upon paying

one-half the amount of the money bid for the whole property and interest at two per centum per month; and the order of the court below is modified in conformity with these views. Costs in this court and in the court below to be paid by the appellant and respondent in equal shares.

Let the judgment be so modified.