HAYDEN, WILSON & ALLEN v. SMITH ET AL.

1. **Execution Sale:** REDEMPTION: WHO ENTITLED TO. Where the plaintiffs and others obtained a decree subjecting certain premises to the payment of their judgments in the order of their priority, and one execution issued in the name of all, and the execution sale was for the benefit of all, but the proceeds were exhausted in paying prior judgments, the plaintiffs would not have the right to redeem from such sale. An execution creditor cannot redeem from his own sale.

*Appeal from Benton District Court.*

SATURDAY, APRIL 22.

THE plaintiffs, judgment creditors of John F. Pyne, bring this action in equity to redeem from sheriff's sale property of said Pyne. The petition prays for specific and general relief. The court dismissed the petition. The plaintiffs appeal. The facts are stated in the opinion.

*W. C. Connell,* for appellants.

*Gilchrist & Haines,* for appellees.

DAY, J.—In the year 1876, the plaintiffs and the defendants, John Thomas and Smith & Duncan, together with other parties, judgment creditors of one John F. Pyne, joined in a creditor's bill for the purpose of subjecting certain property to the lien of their several judgments. On the 24th day of December, 1879, the court in which said cause was pending entered a decree subjecting said property to the lien of said several judgments in the order of their priority, the decree providing that after the payment of costs the judgments of John Thomas and of Smith & Duncan be equal in priority and the first lien upon the property, and the judgments of Hayden, Wilson & Allen, the plaintiffs, be the second lien upon the property, and that a

special execution issue for the sale of said premises, and the proceeds be applied to the several judgments in the order of their priority. From this decree the defendant Pyne appealed, the appeal resulting in an affirmance. Pending the appeal, and pursuant to and in accordance with the decree, an execution issued, and the property in question was duly sold to John Thomas, for the sum of $400, and a sheriff's deed was executed to him therefor. The proceeds of the sale, after the payment of all costs, were applied *pro rata* to the judgments of the said John Thomas and of Smith & Duncan, which had been declared to be the first lien upon the property. Before the commencement of this action the defendant, George Knox, purchased and paid for the interest of John Thomas in the property, without any knowledge of the claim of Hayden, Wilson & Allen to redeem. More than six months and less than nine months after the date of said sale, the plaintiffs, Hayden, Wilson & Allen, for the purpose of redeeming the property in controversy from the said sale, paid to the clerk of the court the sum of $423.66, the amount of the bid of John Thomas, with ten per cent interest thereon, and at the same time the plaintiffs paid to said clerk the sum of $115.07, for the purpose of releasing said property from the balance of the lien of the judgment in favor of Smith & Duncan. John Thomas refused to accept the sum tendered in redemption from the purchase, and the amount so tendered still remains in the hands of the clerk; but the attorney of Smith & Duncan did withdraw and receipt for the amount, tendered in discharge of the unsatisfied balance of the judgment. The object of this action is to enforce the acceptance of the sum tendered in redemption from the sale, and a subrogation of the plaintiffs to all the rights of John Thomas, of Smith & Duncan, and of George Knox.

The plaintiffs were parties plaintiffs to the proceeding in which the decree for the sale of the premises was entered. That decree provides for the issuance of but one special execution for the sale of the premises and the application of the

proceeds to the several judgments in the order of their priority. The execution issued in the name of all the plaintiffs. The sale was in behalf and for the benefit of these plaintiffs as well as of the other persons who were parties plaintiffs to that proceeding. The plaintiffs, therefore, are in effect attempting to redeem from their own sale. In *Clayton v. Ellis*, 50 Iowa, 590, we held that an execution creditor cannot redeem from his own sale. If the property was worth more than it sold for the plaintiffs ought to have attended the sale and bid more for the property.

AFFIRMED.