HIRAM P. BENTON, RESPONDENT, *v.* EDWARD W. HATCH, APPELLANT, IMPLEADED, ETC.

*Sale under a judgment — a redemption by a senior judgment creditor extinguishes the debt of the latter, provided that the value of the land is equal to the amount of his debt and bid.*

This action was brought by the plaintiff to recover land to which he claimed title by virtue of a sheriff's deed, given pursuant to a sale under a judgment recovered by G. S. Jones against G. W Stephens The defendant

alleged, by way of defense, that the judgment was· paid and extinguished before the execution was issued. The judgment in favor of Jones was recovered on February 9, 1875, and was the first lien upon a large tract of land then owned by Stephens. On the eleventh of the same month four other judgments were recovered by different creditors of Stephens. Portions of the land were sold under each of the said junior judgments, and were successively redeemed by Jones, under his senior judgment, deeds thereof being executed by the sheriff to Jones, or to those to whom he had assigned the certificates of redemption. More than five years afterwards Jones issued an execution on his judgment, pursuant to an order of the court authorizing him so to do, by virtue of which the land in controversy was sold and conveyed to the plaintiff.

Upon the trial the defendant offered, but was not allowed, to prove that the parcels of land redeemed by Jones were worth much more than the amount of his judgment and the sums paid by him to redeem.

*Held,* that the court erred in excluding the evidence, as the redemption by a senior judgment creditor, of lands sold under a junior judgment, operates as a payment of the senior judgment, provided the lands are of sufficient value to pay the amount of his bid and of his own judgment.

That the evidence offered was admissible under the pleadings.

APPEAL from a judgment in favor of the plaintiff, entered in Allegany county on the report of a referee.

*Charles E. Forsyth* and *M. H. Peck,* for the appellant.

*W. H. Sanford* and *H. Bemis,* for the respondent.

SMITH, P J. :

Ejectment. Plaintiff claims title by virtue of a sheriff's deed given pursuant to a sale under an execution issued upon a judgment recovered in this court by George S. Jones against George W. Stephens. Defendant alleges, by way of defense, that the judgment was paid and extinguished before execution issued, and he also sets up an alleged adverse possession.

Stephens owned a large tract of land in Allegany county. Judgments were recovered against him in the following order : On the 9th of February, 1875, the judgment above mentioned in favor of Jones, which amounted to $404.13, and was the first lien. On the eleventh of the same month a judgment in favor of the Cuba National Bank for $1,376.80; one in favor of Benjamin Colerick for $374.61 ; one in favor of Isaac Miles for $3,145.17, and one in favor of the First National Bank of Angelica for $529.22. Other judgments were recovered at a later date which need not be more particularly mentioned.

Portions of the land were sold under each of the junior judgments above particularly mentioned, and were successively redeemed by Jones, under his senior judgment, and deeds thereof were executed by the sheriff to Jones or his assignees of the certificates of redemption. More than five years afterwards Jones issued an execution on his judgments, he having first obtained an order of the court authorizing it, by virtue of which the land in controversy was sold and conveyed to the plaintiff, and that constitutes the plaintiff's title.

At the trial the defendant offered to prove that the parcels of land redeemed by Jones were worth much more than the amount of his judgment and the sums paid by him to redeem, but the offer was rejected and the defendant's counsel excepted. The appellant's counsel contends that, assuming the value of the parcels redeemed to be as offered to be shown, the Jones judgment was paid, or extinguished by the use made of it, in each or all of said redemptions. The position of the counsel is understood to be that, while a junior judgment creditor may redeem lands sold under a senior judgment, without in any way affecting such junior judgment, either at law or in equity, a senior judgment creditor cannot redeem lands sold under a junior judgment without such redemption operating as payment of the senior judgment, provided the lands are of sufficient value to pay the amount of the bid and of his own judgment.

The right of redemption is created by statute. As this case arose before the chapter of the Code of Civil Procedure relating to the redemption of real estate sold on execution took effect, it is controlled by the provisions of the Revised Statutes. Under those provisions it was held that a senior as well as a junior judgment creditor may redeem. (*People ex rel. Post* v. *Fleming*, 4 Den., 137; S. C. on appeal, 2 N. Y., 484.) The same was held under the act of 1820 (chap. 184), the substance of which was incorporated into the Revised Statutes. (*Ex parte Peru Iron Co.*, 7 Cow., 540.) But the statute has not declared what shall be the effect upon a senior judgment of a redemption under it, nor has the research of counsel discovered any adjudication upon the question. We are, therefore, to consider it upon principle and in the light of analogous cases

In *The People* v. *Fleming* (*supra*), BRONSON, Ch. J., said that

the end of the statute was " to make the land bring its utmost value by means of an auction among the creditors, preserving to each one his right according to the seniority of his lien. The mode of conducting the auction, so far as it has been plainly prescribed, must be followed, whether it be reasonable or unreasonable, unless the party who has the right to insist upon performance chooses to dispense with it. When the meaning of the statute is doubtful, that construction should be adopted which will secure the rights of all the creditors according to the seniority of their respective liens, and keep up the auction until the best price has been obtained. And the same great end should be steadily kept in view in disposing of all questions upon which the statute is silent."

Let us look at the case in the light of these comments upon the statute. A senior judgment creditor may put up the land at auction by selling under his own judgment, or he may waive that right and become a non-bidding purchaser, by redeeming from a sale made under a junior judgment. Any junior creditor may do the same, but with this difference, that he takes subject to all prior liens, while the senior creditor, if he redeems from a sale under the lien next below him, as Jones did in this case, takes free from all other liens, except that of his own judgment. If the senior creditor takes the former course, above pointed out, and becomes the purchaser at a sale under his own lien, his bid, or so much of it as is necessary for the purpose, is applied to the extinguishment of his judgment. Why should not the same result follow when he acquires the title, or the right to a deed, by redeeming from a sale under a junior lien, instead of continuing the auction and subjecting himself to the chances of competition at a sale under his own judgment? The sale from which he redeems was made subject to his lien, and he comes in upon the same terms. He takes the place of the purchaser at the sale, and his position is the same, in legal effect, as if he had been such purchaser and had bid off the property, subject, in terms to his own lien. In other words, the payment of his own debt is a part of the consideration of his purchase.

Although the lien of the judgment held by Jones extended to all the real estate of the judgment debtor, it was specific as to each portion, and, in that respect, analagous to a lien created by mortgage. It was said in *Spencer* v. *Harford* ( 4 Wend., 381), that if a

mortgagee of real estate foreclose without sale and enter into possession his debt is paid, if the property is of sufficient value at the time to satisfy it. (*Per* Savage, Ch. J., p. 385.) And it was held in that case, that the same result follows, if the mortgagee obtains a release of the equity of redemption, the property being then equal in value to the debt for which it was mortgaged. So, when the mortgagee enters into possession of the mortgaged premises by virtue of a foreclosure, and his title thereto becomes absolute provided the mortgaged premises are equal to the value of the debt. (*Morgan* v. *Plumb,* ·9· Wend., 287.) The same principle is applicable to mortgages of chattels, and it was held in *Case* v. *Boughton* (11 Wend., 106), that taking possession of the chattel after default, is a satisfaction of the debt, provided the chattel be of sufficient ·value for the purpose. See, also, *Charter* v. *Stevens* (3 Den., 35); *Olcott* v. *Tioga Railroad Company* (27 N. Y., 548, *per* Selden, J. ip. 565). Why does not the same rule apply to a senior creditor ·whose lien is by judgment instead of mortgage, and who obtains absolute title and possession through the process of redemption? His· hold of the property is· as complete as if he had derived it ·through a sale upon his judgment. Why should he not account for its value to the extent of his debt? Of course, his accountability is not lessened by the fact that he sells the property to a third ·person for less than its value. Having used his prior judgment to redeem, and having taken a sheriff's deed, under the junior sale, he is to be regarded as a purchaser, as already suggested, the consideration of his purchase being the amount of the bid and of his senior lien, provided the value of the property was equal to that amount. In that view of the case, Jones' judgment was satisfied and extinguished. ' · · ·.

It follows that the evidence of value offered by the defendant and excluded by the referee was material. That it was admissible under the pleadings, we do not doubt. Under a general denial of all the allegations in the complaint, the defendant may controvert, by evidence, any and every fact by which the plaintiff seeks to establish his cause of action. (*Andrews* v. *Bond,* 16 Barb., 633 ; *Raynor* v. *Timerson,* 46 id., 518, 525.) He may also show that the plaintiff never had a cause of action against him. (*Creque* v. *Sears,* 17 Hun, 123, 125 ; *Schwarz* v. *Oppold,* 74 N. Y., 307.) The

exclusion of the evidence was error, and for that reason there must be a new trial.     These views render it unnecessary to consider whether the defense of adverse possession was made out, as that depended upon questions of fact in regard to which the evidence may be different on another trial.

The judgment should be reversed, and a new trial ordered before another referee, costs to abide event.

Barker, Haight and Bradley, JJ., concurred.

Judgment reversed, and new trial granted, costs to abide event.