[No. 28690.   Department One.   August 25, 1942.]

BURWELL & MORFORD, *Respondent*, v. SEATTLE PLUMB-
ING SUPPLY COMPANY *et al., Appellants.*[1]

[1]Reported in 128 P. (2d) 859.

*Revelle & Revelle* and *Evans, McLaren & Lane,* for appellant.

*Brethorst, Holman, Fowler & Dewar* and *Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondent.

SIMPSON, J.—Plaintiff instituted this action to restrain the redemption of real property sold at sheriff's sale on execution and to quiet its title. After trial to the court, judgment was entered as prayed for by plaintiff.

Defendant Seattle Plumbing Supply Company appeals, and urges that the trial court committed reversible error in refusing to hold that a redemption brought about through the efforts of respondent terminated the effect of the sale and that appellant's judgment was therefore made a first lien against the property; in holding that the redemption was made by a redemptioner which barred any other redemption later than sixty days thereafter; and in refusing to hold that a former redemption was a nullity.

The facts involved in the appeal now before us, in brief, are as follows: Peter Swensson and wife owned a lot in the city of Seattle upon which stood an old frame building. They conceived the idea of converting the building into a modern brick veneer, two-story, four-apartment structure and, to accomplish their purpose, borrowed ten thousand dollars from respondent, giving a first mortgage as security therefor.

Thereafter, the Swenssons proceeded with the work of rebuilding, but were unable to complete the remodelling because of lack of funds. Fenton Steel Works started a materialman's lien foreclosure suit, whereupon appellant sought foreclosure of its lien for materials furnished to Mr. and Mrs. Swensson. Respondent was made defendant in that action, which

then asked that its mortgage be foreclosed as a first lien against the real property. Other materialman's liens were also foreclosed in that action.

The litigation resulted in the entry of a decree foreclosing all of the liens. Respondent's lien was decreed to be a first lien upon the property, and the other lien claimants, including appellant, were given liens of equal rank junior to that of respondent in this case.

The decree provided, in part, as follows:

"Inasmuch as all judgments herein granted or referred to in favor of parties other than Burwell & Morford, a corporation, run against the real estate alone, no deficiency judgments shall be entered as to them.

"In the event the said property should be sold for an amount greater than that required to fully satisfy the judgment of the said Burwell & Morford, a corporation, all costs of sale and other costs properly a part of the judgment of the said Burwell & Morford, a corporation, such excess funds shall be applied to the judgments of the other creditors herein referred to in an equal pro rata amount, based upon the total amount of each of said judgments. In the event of a surplus remaining after all judgments are paid, then such surplus shall be paid to the defendants Peter Swensson and Marie E. Swensson, his wife."

July 20, 1940, pursuant to order of sale, the property was sold by the sheriff of King county, to respondent for the sum of $10,313.15, being one thousand dollars less than the amount of its judgment.

At the time of sale, the apartments were in an uncompleted condition. In order to preserve the value of the property, respondent attempted to quiet the title so that it could complete the building free from all rights of redemption and, to accomplish that purpose, purchased, in the name of its attorney, Thomas N. Fowler, four of the lien judgments and secured a quitclaim deed from the Swenssons. Thereafter, the attorney for respondent gave the sheriff notice of

intention to redeem, basing the notice upon his ownership of the four judgments, and paid the sheriff the redemption price. A sheriff's certificate of redemption was issued to Mr. Fowler, who assigned the certificate and, by quitclaim deed, conveyed all his interest in the property to respondent.

Appellant contends that the acts to which we have just referred constituted respondent "the judgment debtor or his successor in interest" which "terminated the effect of the sale" thereby giving appellant a first lien on the property for the amount of his judgment. In the alternative, it contends that in no event can the redemption be considered as one by a redemptioner so as to cut off appellant's right to redeem within sixty days.

Though appellant does not urge the point, it seems to us that the only basis for holding that respondent succeeded to the rights of the judgment debtors would be on the theory of merger; that is, by securing a quitclaim deed, respondent became the successor in interest of the owners of the property. Mergers are not favored in law or equity.

In the recent case of *Mobley v. Harkins, ante* p. 276, 128 P. (2d) 289, this court stated:

"It was an inflexible rule at common law that a merger always took place when a greater and a lesser estate met in the ownership of the same person without any intermediate estate, but modernly the doctrine of merger is not favored either at law or in equity. Consequently, the courts will not compel a merger of estates where the party in whom the two interests are vested does not intend such a merger to take place, or where it would be inimical to the interest of the party in whom the several estates have united."

We are unable to find any intent on the part of respondent to merge its interest as purchaser at the fore-

closure sale with the interests of the judgment debtors. All that respondent attempted to do was to place itself in a position where it could protect its interests in the property by completing the building without any danger of losing its additional investment.

Respondent's position is that the foreclosure sale was made for the benefit of all concerned in the action, including appellant; that appellant may not redeem from its own sale; that, in any event, appellant could not redeem for the reason that it failed to do so within sixty days of the redemption secured by the attorney for respondent; and that the judgment in this case was properly entered upon the ground of estoppel.

As we view the questions presented, the primary and determinative one is whether a judgment creditor can redeem from his own foreclosure sale.

The statutes, with which we are presently concerned, read as follows:

"Property sold subject to redemption, as above provided, or any part thereof separately sold, may be redeemed by the following persons, or their successors in interest: —

"1. The judgment debtor or his successor in interest, in the whole or any part of the property separately sold.

"2. A creditor having a lien by judgment, decree or mortgage, on any portion of the property, or any portion of any part thereof, separately sold, subsequent in time to that on which the property was sold. The persons mentioned in subdivision two of this section are termed redemptioners." Rem. Rev. Stat., § 594 [P. C. § 7909].

"If property be so redeemed by a redemptioner, another redemptioner may, within sixty days after the last redemption, again redeem it. . . ." Rem. Rev. Stat., § 596 [P. C. § 7911].

" . . . If the judgment debtor redeem, the effect of the sale is terminated and he is restored to his estate. . . ." Rem. Rev. Stat., § 597 [P. C. § 7912].

■ The general rule, as it relates to the right of mortgagees to redeem, is stated as follows in 37 Am. Jur. 216, Mortgages, § 831.

"A majority of the cases, deciding the question as to whether a mortgagee holding a deficiency decree has a right to redeem from a sale of the mortgaged premises, ordered upon foreclosure of his own mortgage, deny him the right to redeem, although in some jurisdictions, the rule is that a mortgagee is entitled, within the terms of the statutes involved, to redeem from his own foreclosure sale."

■ The right to redeem property sold under execution is not an equitable right created or regulated by principles of equity. It is a creature of statute and depends entirely upon the provisions of the statute creating the right. *Hays v. Merchants' Nat. Bank,* 14 Wash. 192, 44 Pac. 137; *Geddis v. Packwood,* 30 Wash. 270, 70 Pac. 481; *Schmidt v. Worley,* 134 Wash. 582, 236 Pac. 111; *Hervey v. Krost,* 116 Ind. 268, 19 N. E. 125.

It is appellant's theory that respondent became the successor in interest of the Swenssons and that therefore the effect of the foreclosure was terminated, which allowed appellant to redeem from the sale by paying the amount bid at the sale. It bases its argument upon a rule laid down in *Ford v. Nokomis State Bank,* 135 Wash. 37, 237 Pac. 314.

It is quite true that the case announced the rule as contended for by appellant. However, we are unable to conclude that the holding in that case is of benefit to appellant. In the cited case, this court had before it not the right of one to redeem from his own sale but the effect of a deficiency judgment after the redemption by a judgment debtor.

■ In the case at bar, appellant did not have a deficiency or personal judgment against the Swenssons. All it had was a judgment foreclosing its lien against

the real property described in the order of sale. The fact that appellant may have had a lien against the real property does not necessarily give it the right to redeem, for the reason that, in order to redeem, it not only must have a judgment lien but it must be a judgment creditor "subsequent in time to that on which the property was sold."

Appellant was not a creditor who had a judgment subsequent in time to that on which the property was sold. It was a judgment creditor at the time the property was sold and the sale was conducted for its benefit.

Several states have redemption statutes similar to ours and the decisions of the courts of those states indicate the answer to the question we have before us. Oregon, Arizona, and California redemption laws are almost identical with ours.

The supreme court of Oregon in *Chavener v. Wood,* 2 Ore. 182, held that a junior lienholder could redeem though his rights were determined in the foreclosure action. However, in *Lauriat v. Stratton,* 11 Fed. 107, Judge Deady held to the opposite view. In passing upon the question of redemption, it was stated:

"The policy of the statute is to make the property pay the debts of the owner as far as possible. To this end it is provided that as to all the creditors who are parties to the decree, the property shall be absolutely disposed of at one sale to the highest bidder upon an execution, which is, in legal intendment and effect, the process of all of them. By this means the interest of the creditors is made to promote a healthy competition at the sale for the benefit of the debtor. But to allow the property to be sold to any one of the creditors for the amount of his debt and costs, upon the understanding that the other creditors, whose liens are subsequent in point of time, may protect themselves by redeeming from him and one another, would be to provide in effect that the property should be knocked down to the prior lien creditor for not more than the

amount of his debt and costs, subject to the right of redemption by the junior creditors.

"Besides, if the lien of the subsequent encumbrancer is not extinguished by the sale, what is there to prevent him from enforcing the decree as to himself by execution? It appears to follow as a logical and legal consequence from the premises that if his lien is neither extinguished nor satisfied by the sale, and the decree has ascertained the fact and amount of his lien, and directed the premises to be sold to satisfy it, he has his remedy by execution against the property, and may resell it subject to prior encumbrances. And this process may be repeated under like circumstances by every other encumbrancer. But the statute certainly never contemplated such an absurdity, let alone injustice, as this.

"The right of redemption is only given as a protection against a sale to which the redemptioner is not a party, and therefore cannot control, but which may result to his injury. In the very nature of things the right to redeem is inconsistent with the right to sell."

After reading the two decisions, we are of the opinion that the Federal case is better reasoned and states the proper rule.

An Arizona statute provides that "creditors having liens upon the premises sold or some part thereof subsequent to the mortgage or lien so foreclosed" shall be entitled to redeem. In *Western Land & Cattle Co. v. National Bank of Arizona*, 28 Ariz. 270, 236 Pac. 725, it was held that, where a junior mortgagee prayed for foreclosure of its mortgage in a cross-complaint to the foreclosure action of the senior mortgage and the sale was made under a judgment foreclosing both mortgages, the junior mortgagee was not entitled to redeem the property from the foreclosure sale. In passing upon the question, the court said:

"The right of redemption after sale on foreclosure is distinct from the equity of redemption after breach of condition and before the sale. The former commences

only when the latter ends. One rests on the principles of equity, the other on the terms of the statute.

"Now under paragraph 1377, *supra* [R. S. A. 1913], the right of redemption under foreclosure of a mortgage or other lien inures to 'creditors having liens upon the premises sold or some part thereof subsequent to the mortgage or lien so foreclosed.' If appellant came within this category, it had the right to redeem, but otherwise not. It is, of course, undisputed that when Sturges began his suit to foreclose appellant was within the prescribed class. If it had lost that favored position when it applied for the right to redeem, said loss must have occurred in some manner between those two dates. Obviously it was still a 'creditor,' so the change, if any, must have been in its 'lien upon the premises sold, subsequent to the mortgage or lien foreclosed,' and this change could be made only, if at all, by virtue of the foreclosure and sale. Now it is plain that the foreclosure of the Sturges mortgage alone could not affect appellant's right of redemption. We must therefore examine the only remaining point, being the effect of appellant's foreclosure of its own mortgage. The sale was made under a judgment which foreclosed both the mortgage of Sturges and that of appellant, directing a sale of the property generally without stating under which foreclosure, and providing for the application of the proceeds of sale in a certain manner. The second mortgage was foreclosed in that judgment as directly and as certainly as the first, and the sale had exactly the same effect upon the second mortgage as it did upon the first. Such being the case, if we are to follow the plain and unambiguous language of the statute, the second mortgage was no longer 'a lien . . . subsequent to the mortgage or lien foreclosed,' any more than the first mortgage was, for both were actually foreclosed in the judgment upon which the sale was made."

In *Hayden, Wilson & Allen v. Smith,* 58 Iowa 285, 12 N. W. 289, a decree was made which ordered the sale of real property and provided that the proceeds should be applied first to the claim of creditors other than the

plaintiffs, and secondly to plaintiffs. It was there held that the plaintiffs were not entitled to redeem from the sale of that judgment. It was stated in that opinion as follows:

"The plaintiffs were parties plaintiffs to the proceeding in which the decree for the sale of the premises was entered. That decree provides for the issuance of but one special execution for the sale of the premises and the application of the proceeds to the several judgments in the order of their priority. The execution issued in the name of all the plaintiffs. The sale was in behalf and for the benefit of these plaintiffs as well as of the other persons who were parties plaintiffs to that proceeding. The plaintiffs, therefore, are in effect attempting to redeem from their own sale. In *Clayton v. Ellis*, 50 Iowa, 590, we held that an execution creditor cannot redeem from his own sale. If the property was worth more than it sold for the plaintiffs ought to have attended the sale and bid more for the property."

*Hervey v. Krost*, 116 Ind. 268, 19 N. E. 125, was a proceeding to enjoin a redemption. In that case, Hervey sued Krost and the sheriff to enjoin a redemption. It appears that, when Krost had foreclosed a mortgage against another named Collett, the greater portion of Krost's judgment remained unsatisfied. Thereafter Collett; the owner, executed a mortgage to plaintiff Hervey. Hervey then redeemed from all the prior sales. Krost at that time demanded redemption from Hervey. The redemption was enjoined. We quote from the opinion as follows:

"This brings us to consider the principal question in the case, and that is: May a mortgagee or judgment lien-holder, after he has once sold land upon an execution or decree, redeem from his own sale, in case it produces less than the whole amount of his judgment, and thereby restore the lien of his judgment and subject the property to re-sale as if no previous sale had been made?

"The right to acquire a lien upon real estate by judgment and the right to sell real estate either upon execution or decretal order, did not exist at common law, and is derived from and regulated entirely by the statute. 'It begins, continues and terminates at the will of the Legislature.' [Citing cases.]

"Redemption is also a statutory right. 'The statute creates the right, prescribes the time and method of its exercise, and designates the person entitled to exercise it.'

"While the courts favor and give a liberal construction to redemption laws in the interest of the debtor and others who are concerned that the debtor's property shall go toward the payment of his debts, to the full extent of its value, and to whom the right of redemption may be their only means of protection, it never could have been intended that redemption laws should afford a rapacious creditor the means of speculating out of the property and upon the necessities of his debtor.

"Accordingly, a creditor who invokes the agencies of the law, and exposes the property of his debtor to sale, can thereafter do nothing either by way of redeeming or otherwise to defeat the title of a purchaser who purchased at the creditor's own sale, except by the authority of a statute fairly giving the right. [Citing cases.]

"As respects the purchaser, and parties holding under him, and other creditors holding liens, the sale, although it only partially satisfies the judgment, nevertheless discharges the land sold from the lien, and exhausts the remedy of the creditor in respect to the property sold, subject to the contingency that the owner, or some one claiming under him, may redeem, in which case the sale is wholly vacated, and the lien of the judgment restored under the provisions of section 770. [Citing cases.]

"As is said in the case last above cited: 'In the very nature of things the right to redeem is inconsistent with the right to sell.'

"There are no equitable considerations upon which such a right can be predicated. A creditor who directs the sale of his debtor's property is, in contemplation

of law, present at the sale, and has the opportunity and is in condition to bid the fair value of the property, at least to an amount equal to the judgment upon which he exposes it to sale. If he bids less than the amount of his claim, or if he permits it to be sold for less, it should be conclusively presumed, as between him and the purchaser, and other creditors holding liens which entitle them to redeem, that the amount of the bid was the true value of the property to him. No good reason can be suggested why he should be afforded the opportunity to experiment, with a view of obtaining the property of his debtor at the smallest possible price, nor should he be permitted, under the guise of redeeming, to break down and annul his own sale, and expose the property again."

In commenting upon the case from which we have just quoted, the Indiana court in *Horn v. Indianapolis Nat. Bank,* 125 Ind. 381, 25 N. E. 558, 21 Am. St. 231, 9 L. R. A. 676, stated in regard to what was said concerning the construction of redemption statutes:

"The conclusion is supported by the long line of cases which hold that where a sale is made to satisfy two judgments there can be no redemption although both may not be satisfied. *Simpson v. Castle,* 52 Cal. 644; *Black v. Gerichten,* 58 Cal. 56; *People ex rel. v. Easton,* 2 Wend. 298; *Ex parte Lawrence,* 4 Cow. 417; *Jackson v. Bowen,* 7 Cow. 13; *People ex rel. v. Fleming,* 2 N. Y. 484; *Russell v. Allen,* 10 Paige, 249; *Clayton v. Ellis,* 50 Iowa, 590.

"The appellee is clearly within the reason of the rule, and it is within the letter, for the judgment was entered in its favor as well as in favor of the other lien-holders. There was one decree, and it was the decree of all the lien-holders. The decree authorized one sale, and it was the sale of all the judgment creditors. If the property had sold for enough to satisfy the judgment of the appellee, in whole or in part, it could not be doubted that the sale was on its own judgment; and the fact that it did not sell for enough to satisfy its judgment does not change the principle which governs the case. The decree directed the prop-

erty to be sold to pay all of the liens, and made provision for distribution to the appellee and all other lienholders, so that there could only be one sale."

In *San Jose Water Co. v. Lyndon*, 124 Cal. 518, 57 Pac. 481, the supreme court of California held that a junior mortgagee, joining in a foreclosure of the senior mortgage and asking by cross-complaint for a foreclosure of his mortgage and sale of the premises, could not redeem from the sale. The facts in that case were: An action was brought to foreclose a mortgage upon real property and a junior mortgagee was made a party to the foreclosure suit. The junior mortgagee set up his mortgage and prayed for a foreclosure and sale of the premises. The decree provided for the foreclosure of both mortgages and a sale under them. The proceeds of the sale were only sufficient to pay the senior mortgage and the junior mortgagee had a judgment against the property which did not provide for a deficiency. In passing upon the case, the court quoted from an earlier California case as follows:

" 'Whether such mortgage was foreclosed in the action in which the mortgagee was plaintiff, or defendant, is immaterial, for in the latter case he filed a cross-complaint and prayed a foreclosure of his mortgage. It is quite clear that the plaintiff in this case had no mortgage lien on the property subsequent to that on which the property was sold. For it was sold upon his mortgage lien, and his mortgage was merged in the judgment under which it was sold.' "

An able article concerning statutory redemption rights by F. C. Hackman of the Seattle bar is found in 3 Wash. L. Rev. 177. After a study of the act, the author of that article made the following statement:

"Since a creditor must have a lien 'subsequent in time to that on which the property was sold' to be entitled to redeem, it follows that a creditor may not redeem from his own sale, a sale made to satisfy his own lien. That the sale results in a deficiency does

not change this rule, as the deficiency is not a lien subsequent to that which the sale was made to satisfy. So where a plaintiff by his complaint, and defendants or intervenors by cross-complaints, in one suit, seek foreclosure and execution sale in satisfaction of their mortgages or liens, and obtain a decree adjudging the amount due each, fixing the order of priority, ordering the property sold and distribution of proceeds among the parties in the order of their rank, the sale is for and on behalf of each and all, and no one or class of these parties has any right of redemption, even though the proceeds of the sale be insufficient to pay the full amount due some."

As we view this question it seems clear that the legislature never intended, by using the words contained in subdivision 2 of Rem. Rev. Stat., § 594, to authorize a creditor whose rights were determined in the foreclosure action to redeem after permitting the sale to be made for a sum less than was sufficient to satisfy his judgment.

The sale on foreclosure was made for the benefit of appellant. That sale foreclosed its right regardless of any acts on the part of other judgment creditors.

The judgment is affirmed.

ROBINSON, C. J., MAIN, MILLARD, and DRIVER, JJ., concur.