## FRINK v. MURPHY.

A JUNIOR mortgagee, not made a party to a suit for foreclosure of a prior mortgage, has the statutory right of redemption within six months from a sale made under a decree in such suit, and retains also the general equitable right of redemption which exists independent of the statute. If made a party to the foreclosure suit, his equitable right of redemption is barred, but he is still a redemptioner under the statute.

Although the decree ascertains the amount of his lien and directs its payment out of any surplus proceeds of the sale remaining after satisfaction of the prior lien, his statutory right to redeem is not thereby destroyed, but still exists as to any portion of his demand not satisfied by the application of the surplus proceeds of the sale.

Frink *v.* Murphy.

The phrase, " *on which the property was sold,*" occurring in the two hundred and
thirtieth section of the Practice Act, refers to the lien which the action was
brought to enforce, and does not apply to the liens of subsequent incumbran-
cers who are made parties.

In a suit to foreclose a mortgage, K., a junior mortgagee of the premises, was
made a party, and in accordance with the prayer of his answer the decree
declared the amount of his lien and ordered the application of any proceeds
of the sale remaining after satisfaction of the prior mortgage to be applied to
its payment.  The premises were sold under the decree to F. for an amount
more than sufficient to satisfy the first mortgage, and the surplus was paid to
K., but leaving the larger portion of his claim unsatisfied.  This balance was
assigned by K. to G. & B. who within the six months tendered the Sheriff the
amount required by statute to redeem from the sale : *Held,* that G. & B. were
redemptioners under the statute, and that F. was not entitled to the Sheriff's
deed.

APPEAL from the Third Judicial District.

The facts are sufficiently stated in the opinion.

*L. Archer,* for Appellant.

I.   The assignees had no lien by mortgage, for the reason that
the mortgage of Kealy was merged and extinguished by the judg-
ment in the foreclosure suit.   (*Kitridge* v. *Stevens,* 16 Cal. 382 ;
*The People* v. *Beebe,* 1 Barbour, 388 ; 10 Tex. 99 ; 1 Dennis,
407.)  It is believed that no case can be found in which the adjudi-
cation was otherwise.

II.   The mortgage of Kealy if not merged was not a lien upon
the property sold subsequent to the judgment on which it was sold,
for the reason that the mortgage and the lien thereof were anterior
to that judgment.

III.   The judgment of Kealy was not a lien upon the property
sold subsequent to the one on which it was sold, because the judg-
ment in favor of Esnault and in favor of Kealy was all one judg-
ment, and the property was sold under that judgment.   (Pr. Act,
secs. 144, 145 ; 16 Cal. 382.)

IV.   The making of a subsequent mortgagee a party to a suit
for a foreclosure may not debar his right of statutory redemption,
if he does not set up his mortgage and obtain a decree in his favor.
But in this case Kealy prayed for the sale of the mortgaged prem-
ises, and obtained a decree in his favor for his part of the proceeds

of the sale and received it. How then can he say the property was not sold for him and under his judgment? As well might Esnault have claimed the right to redeem if the property had not realized enough to satisfy his demand. To prevent this very thing the act has been specially framed.

V.  The property having been sold under the judgment and decree in *Esnault* v. *Williams*, that judgment could no longer be a lien upon the property. (See *Bowman* v. *Hovious*, 17 Cal. 471.)

*John H, Moore*, for Respondent.

I.  The judgment of the Court denying the *mandamus* is correct. Kealy was a judgment creditor of mortgagor Williams. Said judgment was a lien on the premises in question, subsequent to the Esnault judgment, though rendered at one and the same time and in the same decree. The assignees being subsequent incumbrancers were redemptioners. (Pr. Act, 230.) It is denied that the Kealy mortgage is merged in the Esnault judgment; but if extinguished and merged by the foreclosure suit, it is merged in the Kealy judgment, which is of necessity separate from the Esnault judgment. It is contended that no principle in equity would take from Kealy vested rights and give them to Esnault. But were it, as contended by counsel, that the Esnault and Kealy judgments are one and the same, Kealy would be without remedy; Esnault would have the power to satisfy the judgment and defeat entirely Kealy's judgment—he being the prior judgment creditor having control of the judgment.

II.  Younger mortgagees have a subsisting interest in the estate mortgaged, and have a right to pay off prior incumbrancers in order to make their own claims available. (10 Cal. 552; Story's Eq. 1023.)

III.  The obvious policy of the law is, that the estate of a judgment creditor should be so managed as to liquidate the largest amount of his debts, and Courts in giving construction to remedial statutes will so construe them. (2 Cal. 595.)

The Esnault judgment was satisfied by the sale of the premises. Kealy's judgment was not satisfied. The legal estate of the premises was still in the judgment debtor, Williams, until the delivery of

the Sheriff's deed.   Kealy being a judgment creditor and his lien not being extinguished, he or his assignee had a right to redeem.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an application for a *mandamus* to compel the defendant to execute a conveyance of certain property sold by him as Sheriff, etc.   The application is contested upon the ground that the property has been redeemed, and the question is, whether the persons claiming to have redeemed it are redemptioners within the meaning of the statute ?   The sale was made under a judgment of foreclosure, and the persons redeeming are assignees of one Kealy, who was a junior mortgage creditor, and a party to the foreclosure suit. The decree of foreclosure ascertained the amount due to Kealy on his mortgage, and directed the proceeds of the sale, after paying the plaintiff's demand, to be applied to the demand of Kealy, and a small sum was so applied, leaving, however, a large portion of Kealy's demand unsatisfied.

The embarrassment in this case is occasioned by a decision of this Court and subsequent statutory regulations applying the right of redemption from ordinary judgment sales to sales under a decree for the foreclosure of a mortgage.   Aside from statutory regulations, a sale under a judgment gave the purchaser an indefeasible title as against any subsequent incumbrancers.   By statute, a certain time was allowed to such incumbrancers to redeem from such a sale.   But by a sale under a decree of foreclosure, the rights of no persons were affected who were not made parties to the action; but the rights of all who were so made parties were ascertained and provided for, and the subsequent incumbrancers were after such sale barred and foreclosed of all equity of redemption.   As under our system, as now regulated, a right of redemption is given to subsequent incumbrancers from sales on foreclosure as well as on ordinary judgments, it would render the system more consistent if the same effect should be attributed to a sale under a decree of foreclosure as under an ordinary judgment; that is, that it should give a good title against all subsequent incumbrancers, although not made parties, who did not redeem under the statute.   But it has been

repeatedly decided by this Court that such incumbrancers were not cut off from their general right to redeem, unless made parties. In case, then, a subsequent incumbrancer is not made a party to a foreclosure suit, he has the right to redeem under the statute, and also his general right to redeem unaffected by the foreclosure. The second subdivision of section two hundred and thirty of the Civil Practice Act gives a right of redemption to a creditor having a lien subsequent to that *on which the property was sold.* Ordinarily, in this State, in an action to foreclose a mortgage, subsequent incumbrancers, as well by mortgage as by judgment, are made parties by a general averment that they have some claim or lien, and the decree makes no provision for their benefit, but bars and forecloses them from their general right of redemption. In such cases there can be no doubt that such subsequent incumbrancers may redeem under the statute, as they are embraced within the letter of its provisions. But in the present case, the amount due to Kealy as a subsequent mortgagee was fixed by the decree, and the proceeds of the sale directed to be applied on his mortgage next in order after the mortgage of the plaintiff in that action, and a portion of the proceeds were in fact applied on Kealy's mortgage. Under these facts, must it be held that the property was sold under Kealy's mortgage as well as under the mortgage which the action was specially instituted to foreclose ? If so, then Kealy's assignees do not come within the letter of the statute, nor, perhaps, within its spirit. Strictly it may be said that the property was sold on Kealy's mortgage, since the proceeds were applied, after paying the plaintiff's claim, on his mortgage ; but to hold that the expression, " on which the property was sold," can apply to any other lien than that which the action was brought to enforce, would lead to uncertainty and embarrassment in applying the right of redemption under the statute. Instead of having the simple criterion of the date of the successive liens as a guide, the terms of the decree would have to be consulted in order to see if the proceeds were directed to be applied on any and which of the subsequent liens. The Legislature could not have reasonably intended such a criterion, and we should not so interpret the statute unless its terms peremptorily require it. Considering the whole system of redemp-

tions as affected by our statutes, we think the phrase " on which the property was sold " must be held to refer to the lien which the action was brought to enforce, and that it does not apply to the liens of subsequent incumbrancers who are made parties.    The result is, that the assignees of Kealy had the right to redeem on their lien for the unpaid balance of the Kealy mortgage.

The order refusing a *mandamus* is affirmed.