[No. 5796.]

## D. N. HERSHEY v. BENJ. DENNIS, SR., H. W. DIEHL, H. M. DIEHL, AND J. R. BARRETT.

53    77
e143  668
143   671
143   672

LIEN OF SUBSEQUENT JUDGMENT—HOMESTEAD.—Where a mortgagor filed a homestead subsequent to a second mortgage, and both mortgages were foreclosed, the first mortgage and part of the second being paid, and judgment for the deficiency due the second mortgagee being docketed: *held*, that the lien of the docketed deficiency was superseded by the homestead.

IDEM—REDEMPTION.—In such a case, the second mortgagee could not redeem from the purchaser at the mortgage sale.

TENDER OF REDEMPTION MONEY.—The tender of the redemption money extinguishes the purchaser's lien, and is equivalent to payment.

APPEAL from the District Court of the Sixth Judicial District, Yolo County.

This action was brought to quiet the title of the plaintiff to certain real estate in Yolo County; to establish the relations existing between the plaintiff and the defendant Diehl and wife, and to cancel and have declared void a certain Sheriff's deed of said real estate. The defendant Dennis filed a cross-complaint, claiming that he was the owner of the property, and praying that his title be quieted, and that he be placed in possession. The Court gave judgment in favor of defendant, as asked for in his cross-complaint.

From the findings it appears that on February 24th, 1874, the premises belonged to the defendant Diehl. On that day he made a, mortgage to George Geary and D. Frazer. On the next day said defendant made another mortgage to J. R. Barrett. On January 5th, 1875, Diehl and wife dedicated the premises as a homestead. In April, 1875, an action was brought to foreclose the Geary and Frazer mortgage. Barrett, having been made a defendant, filed a cross-complaint, setting out his mortgage, and praying judgment for the foreclosure thereof. On January 21st, 1876, Barrett sold and assigned his mortgage to Dennis. On February 2nd, 1876, judgment was entered foreclosing both the mortgages. This judgment directed the sale of the property and the application of the proceeds, *first*, to the Geary and Frazer, and *second*, to the Barrett mortgage; also that a docket entry be made in favor of Barrett for any deficiency.

On April 22nd, 1876, the Sheriff sold the property to Dennis for five thousand and twenty-two dollars. This sum paid the Geary and Frazer mortgage in full, and paid seven hundred and seventy-two dollars and ninety-one cents of the sum due Dennis (the purchaser) on the Barrett mortgage, which had been assigned to him, and left a balance due him of one thousand two hundred and eighty-seven dollars and ninety-nine cents. For this balance, a judgment was docketed against Diehl. On May 17th, 1876, Barrett produced a copy of this docket, and paid Dennis five thousand one hundred and five dollars and seventy cents, as a redemption of the property, and Dennis gave Barrett a certificate of redemption. On the same day, Barrett assigned this certificate back to Dennis. On October 21st, 1876, Diehl and wife granted the premises to plaintiff. Thereafter, on the same day, plaintiff tendered the Sheriff five thousand six hundred and fifty dollars, to redeem said property. This tender was made first on behalf of plaintiff, and next on behalf of Diehl and wife. The officer refused to accept or receive the money, and on October 25th, 1876, executed a deed to Dennis, the defendant herein, not as purchaser, but as assignee of a redemption.

Judgment was rendered against Hershey, Diehl and wife, and in favor of Dennis, for the possession of the land. The plaintiff moved for a new trial. which was denied, and he appealed.

*Jno. W. Armstrong* and *A. C. Freeman*, for Appellant.

By the purchase of the Barrett note and mortgage during the pendency of the foreclosure suit thereon, and by the assignment thereof, Dennis became the holder of the judgment subsequently entered thereon, and Barrett was therefore never a judgment-creditor of Diehl. ( *Wright* v. *Parks*, 10 Iowa, 342; *Weire* v. *City of Davenport*, 11 Iowa, 52; *Robinson* v. *Weeks*, 6 How. Pr. 161; *Mackey* v. *Mackey*, 43 Barb. 58.)

Barrett could not redeem, for he had no lien, either judgment or mortgage. (Code Civ. Pro. sec. 701.)

1. Because his judgment, if any he had, was not subsequent to that on which the property was sold, but the very same

judgment. The docketing of a balance is not a new judgment. (*Bowers* v. *Corey*, 30 Cal. 621; Code Civ. Pro. secs. 577, 578, 668, 585, 1134, 670, 671, 672, 676.)

2. Because if Barrett's judgment was a subsequent judgment, then he held no lien under it, the premises having been dedicated and occupied as a homestead. (Civil Code, secs. 1240, 1245; Freeman on Judgments, sec. 355; *Monroe* v. *May*, 9 Kans. 475; *Lamb* v. *Sharp*, 14 Iowa, 567; *Wiggins* v. *Chance*, 45 Ill. 175; *Spencer* v. *Geissman*, 37 Cal. 98.)

Barrett could not redeem as a mortgagee:

1. Because he had previously assigned his mortgage.

2. Because it was merged in the judgment. (*Davenport* v. *Turpin*, 43 Cal. 603; *Kittredge* v. *Stephens*, 16 Cal. 382; *People* v. *Beebe*, 1 Barb. 388; *Butler* v. *Miller*, 1 Denio, 407; 10 Texas, 99.)

3. Because the sale under the mortgage extinguished its lien. (Civil Code, sec. 2910.)

The tender of the redemption money extinguished the purchaser's lien and all his rights. Redemption for a lien is made by offer of performance. (Civil Code, sec. 2905.)

A purchaser at a Sheriff's sale has not a lien. (*People* v. *Mayhew*, 26 Cal. 660; *Baber* v. *McLellan*, 30 Cal. 137.)

A tender of the money is equivalent to payment. (Code Civ. Pro. sec. 704; Civil Code, 1511; *Hutchings* v. *Meyer*, 41 N. Y. 158.)

*W. B. Treadwell* and *E. R. Bush*, for Respondent.

Under the sale of the property in the suit of *Garey and Frazer* v. *Diehl and Barrett*, Barrett, by virtue of the unsatisfied balance docketed in his favor, had a lien by judgment or mortgage (in whichever light it may be viewed) on the property sold " subsequent to that on which the property was sold," and was therefore a redemptioner; and no redemption could thereafter be made from him without also paying him the amount of that lien with interest. (*Frink* v. *Murphy*, 21 Cal. 108.) There has been no such change in the statute since *Frink* v. *Murphy*, as to weaken the effect of that decision. (Pr. Act, secs. 230–2; Code Civil Procedure, secs. 701–3.) The amendment of 1873–4

to sec. 703 Code Civil Procedure, changes the rule laid down in *Sharp* v. *Miller*, 47 Cal. 82.

The homestead of Harriet M. Diehl, filed after Barrett's mortgage, can cut no figure in this case, for the title derived under the Sheriff's sale relates back to the date of the mortgage. (*Horn* v. *Jones*, 28 Cal. 194; *Sands* v. *Pfeiffer*, 10 Cal. 258.)

Nor does the alleged assignment of the Barrett mortgage to defendant Dennis cut any figure in this action, for, first, being made *pendente lite*, the subsequent judgment is conclusive, in this action, of the rights of Barrett; and second, conceding the assignment for the purpose of the argument, respondent Dennis was then the owner of the Barrett lien, and the same payments must be made to him as would have to be made to Barrett. (Code Civil Procedure, secs. 702, 703.)

By the COURT:

Assuming, for the purposes of this case, that Barrett had a lien by virtue of the docketed deficiency arising from the mortgage sale, except for the homestead, it is plain that no such lien could attach after the declaration of homestead.

Barrett, therefore, occupied no such relation to the property or parties as authorized him to redeem from the purchaser at the mortgage sale; and Dennis, the purchaser, acquired no right as *redemptioner* by reason of a re-assignment from Barrett.

It follows that the mortgagor or his grantee could redeem from Dennis on payment of the amount of his bid and costs, etc. The plaintiff having tendered a sufficient sum to redeem, the Sheriff had no power to execute a conveyance to the defendant Dennis.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice CROCKER did not express an opinion in this case.