[No. 7,276.—In Bank.]

## DAVID BLACK *v.* C. P. GERICHTEN ET AL.

Mortgage—Foreclosure—Judgment for Deficiency—Lien—Redemption.—A judgment docketed for a deficiency, after the sale of the mortgaged premises under a judgment of foreclosure, is not a lien upon the premises sold, if they are purchased by any person other than the mortgage debtor.

Case Distinguished.—*Frink* v. *Murphy*, 21 Cal. 108.

Appeal from a judgment on the defendant in the Eighteenth District Court, County of San Diego. McNealy, J.

The judgment was on a demurrer to the complaint, which alleged that in an action by the Commercial Bank of San Diego against Wm. S. Gregg *et al.*, the plaintiff and one Luce were made parties defendant, and filed a cross-complaint, setting up a junior mortgage and praying for its foreclosure; that under a decree in that case the land was sold, and the

older mortgage satisfied; that the junior mortgage was partly satisfied, and a judgment docketed for the deficiency; that the land was purchased at the sale by the Commercial Bank, the senior mortgagee; that plaintiff had succeeded to the rights of Luce by assignment; that defendant Gerichten had redeemed as redemptioner from the purchaser, and that the plaintiff had offered to redeem from him. The complaint prayed that the defendant Gerichten be compelled to account for rents and profits, and to convey to the plaintiff.

*M. A. Luce,* for the Appellant, cited *Frink* 'v. *Murphy,* 21 Cal. 108.

*Leach & Parker,* for the Respondent, cited Civ. Code, § 2,910; *Hershey* v. *Dennis,* 53 Cal. 77; *Simpson* v. *Castle,* 52 id. 645; *Gilson* v. *Boston,* 11 Nev. 414.

SHARPSTEIN, J.:

The only question that arises in this case is, whether a party who has foreclosed his mortgage, had the mortgaged premises sold, and docketed a judgment for the deficiency, is entitled to redeem the property so sold from one who has properly redeemed it, under a judgment lien, from the purchaser at the foreclosure sale. Whether such mortgage was foreclosed, in an action in which the mortgagee was plaintiff, or defendant, is immaterial, if in the latter case he filed a cross-complaint, and prayed a foreclosure of his mortgage.

It is quite clear that the plaintiff in this case had no mortgage lien on the property subsequent to that on which the property was sold. For it was sold upon his mortgage lien, and his mortgage was merged in the judgment under which it was sold. (*People* v. *Beebe,* 1 Barb. 379; *Stackpole* v. *Robbins,* 47 id. 212; *Davenport* v. *Turpin,* 43 Cal. 597.)

And the Code, as we construe it, makes this too clear to admit of argument. After providing that there can be but one action for the enforcement of any right secured by mortgage upon real estate and for the sale of the incumbered property it provides that if the proceeds of the sale are insufficient, and a balance remains due, judgment may be docketed for the balance against the defendant personally liable for the debt,

"and it becomes a lien on the real estate of such judgment debtor, as in other cases, on which execution may issue." (Code Civ. Proc. § 726.) Obviously the only lien which a mortgagee has, after the sale of the mortgaged property upon a judgment of foreclosure of his own mortgage, and the docketing of a judgment for the deficiency, is under and by virtue of the latter judgment. Such a judgment was docketed in favor of the plaintiff herein, and upon that his claim to redeem must rest. And it was distinctly held in *Hershey* v. *Dennis*, 53 Cal. 77, that a judgment creditor having a lien by virtue of the docketed deficiency arising from the mortgage sale, was not authorized to redeem from the purchaser at the mortgage sale. And we do not understand counsel for appellant as claiming that he is entitled to redeem under the judgment. They rely, however, upon *Frink* v. *Murphy*, 21 id. 108, which would be in point if Kealy, the assignor of Frink, had filed a cross-complaint, and prayed a foreclosure of his own mortgage, in the action brought by the holder of the prior mortgage. It nowhere appears in that case that Kealy had a judgment docketed for the deficiency arising from the foreclosure sale, and under the then existing practice he could not have had such a judgment docketed. The only relief which he could obtain in that action was that which he did obtain, viz.: that the surplus arising from sale, if any remained after satisfying the former mortgage, should be applied upon his mortgage. His mortgage was not foreclosed, nor was any judgment for deficiency docketed in his favor. The distinction between that case and this is apparent.

In *Simpson* v. *Castle*, 52 Cal. 644, it was held that a judgment docketed for a deficiency, after the sale of the mortgaged premises upon a judgment of foreclosure, is not a lien upon the premises sold, if they are purchased by any person other than the mortgage debtor. As we are unable to perceive that the plaintiff herein has any other lien than that created by the docketing of a judgment in his favor for the deficiency, arising upon the sale of the premises upon the foreclosure of his own mortgage, the judgment of the Court below must be affirmed.

Judgment affirmed.

ROSS, J., MORRISON, C. J., McKEE, J., THORNTON, J., and MYRICK, J., concurred.

Mr. Justice McKINSTRY, not having heard the argument in this case, took no part in the decision.