[Sac. No. 416.   Department Two.—September 26, 1898.]

J. E. CAMP et al., Appellants, v. WILLIAM LAND, Respondent.

122  167
124  519
125  315

122  167
136  527

TRUST DEED—NATIONAL BANK—CORPORATION—POWER TO CONTRACT —ESTOPPEL.—The grantor of a trust deed of real estate, securing his indebtedness to a national bank, having dealt with the bank as a corporation having power to enter into the contract of which he received the benefit, cannot be heard to object to a lack of proof of its corporate existence and power to make such contract.

ID.—DE FACTO CORPORATION—PAROL EVIDENCE.—The parol evidence of the bank's president, received without objection, proving the organization of the bank as a national bank under the laws of the United States, and establishing the fact that for many years before and after the execution of the trust deed it had done business as a national bank, is sufficient to establish its corporate existence de facto.

ID.—POWER TO LOAN UPON TRUST DEED.—The United States alone can be heard to question the authority of a national bank to make a loan of money upon the security of a trust deed of real estate, under sections 5136 and 5137 of the Revised Statutes of the United States.

ID.—VALIDITY OF TRUST DEED—RESTRAINT UPON ALIENATION.—A trust deed securing a loan of money payable at a fixed time in the future is not invalid as imposing an unlawful restraint upon alienation.

ID.—FORECLOSURE OF PRIOR MORTGAGE—TRUST DEED NOT MERGED. A trust deed is not merged or extinguished in a judgment of foreclosure of a prior mortgage, if no foreclosure of the trust deed was attempted or ordered by the court, and if the bank secured thereby, when made a party to the foreclosure, merely asked for an application of any surplus to the reduction of its debt.

ID.—FORECLOSURE SALE OF HOMESTEAD—ACTION TO REDEEM—QUIETING TITLE UNDER TRUST DEED.—An action cannot be sustained to redeem a homestead separately sold to the defendant under foreclosure of the prior mortgage, if the defendant has, prior to such action, acquired title thereto by a valid sale under the junior trust deed which antedated the homestead; and a judgment under a cross-complaint, quieting the title of the defendant as against the plaintiffs, must be sustained.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.   J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

McKune & George, for Appellants.

Holl & Dunn, for Respondent.

HENSHAW, J.—These appeals are from the judgment and from the order denying a new trial. To secure payment of his promissory note plaintiff Camp had executed a mortgage upon certain realty to defendant Land. Afterward, being indebted to the National Bank of D. O. Mills & Co., he executed to trustees in its behalf a deed of trust to the same land affected by the mortgage. This deed was in the form commonly used in this state and frequently considered by this court.

Land brought suit to foreclose his mortgage, impleading the Camps, husband and wife, the bank, its trustees under the deed of trust, and others. The bank and its trustees answered, averring the debt due the former from Camp, and setting forth the trust deed. The priority of Land's mortgage lien was conceded, but the trustees' interest under their deed was asserted to be superior to the claims of all other defendants. The prayer was, that the decree establish this fact, and that if upon the sale of the land any money remained after payment of plaintiff's just demands, it be applied in extinguishment or reduction of the debt due the bank.

Mrs. Camp answered this pleading. She denied that the bank was a corporation organized under the laws of the United States, and denied the indebtedness of her husband to the bank. She alleged a violation of the law by the bank in making the loan and accepting the security. She set up the filing by her of a declaration of homestead affecting fifty-four acres of the mortgaged premises, and asked that the land if sold be sold in parcels, reserving the homestead portion until the last.

The court found in favor of plaintiff, and in favor of the defendant bank and its trustees. It decreed the sale of so much of the land as might be necessary to pay the demand of plaintiff, and directed that the sale be made by parcels.

It proved necessary to sell all of the land to extinguish plaintiff's debt. The homestead portion brought three thousand seven hundred and forty-eight dollars and sixty cents. Land was the purchaser.

In time plaintiffs brought this action asking to be allowed to

redeem the homestead from the sale. Land answered denying their right, and by cross-complaint pleaded title in fee in himself, and sought a decree quieting his title. Upon the trial plaintiffs offered and secured the admission in evidence of the judgment-roll in *Land v. Camp et al.*, and rested their case. Defendant and cross-complainant, by the parol evidence of the bank's president, received without objection, proved the organization of the National Bank of D. O. Mills & Co. as a national bank under the laws of the United States, and established the additional fact that for many years before and after the execution of the trust deed it had done business as a national bank. The deed of trust was admitted in evidence over plaintiffs' objections and exception. The default of Camp, the trustor under the deed, was shown, and also a sale of the property to defendant according to its terms. The judgment of the court passed for defendant, and quieted his title against the claims of the plaintiffs.

The facts abundantly justified this judgment, unless, as plaintiffs contend, and it is their only contention, the deed of trust was improperly admitted in evidence against them.

1. Of the objections to the introduction of this deed, the first goes to the absence of proof of the corporate existence of the bank, and of its capacity to enter into the contract in question. But it is sufficient to answer, with reference to the plaintiff J. E. Camp, that, since he dealt with the bank as a corporation having power to enter into the particular contract, and since he received the benefit of that contract, upon well-settled principles of equity he may not be heard to advance these objections. (*Grangers etc. Assn. v. Clark*, 67 Cal. 634; *Fresno Canal etc. Co. v. Warner*, 72 Cal. 379; *Yancy v. Morton*, 94 Cal. 558; *Bank of Shasta v. Boyd*, 99 Cal. 604.)

As to his wife, those very questions were litigated by and decided against her in the foreclosure suit; while, as to both husband and wife, the evidence of the bank's president, admitted without objection, is sufficient to establish the *de facto* character of the institution. And, even if it be conceded that the bank, under sections 5136 and 5137 of the Revised Statutes of the United States, was not authorized to make the loan in question, it did not lie with the plaintiffs to raise this point. The United States alone can be heard upon this question. (*Union National*

*Bank v. Matthews,* 98 U. S. 621; *National Bank v. Whitney,* 103 U. S. 99.)

2. The trust deed is in the form of those considered in such cases as *Grant v. Burr;* 54 Cal. 300; *Bateman v. Burr,* 57 Cal. 480; *Savings etc. Soc. v. Burnett,* 106 Cal. 514. The objection that it is void as imposing an unlawful restraint upon alienation has been decided against appellants' contention in the very recent case of *Sacramento Bank v. Alcorn,* 121 Cal. 379.

3. The final objection that the deed was merged in the foreclosure judgment is not tenable. It is not even necessary to decide whether the trustees could treat such a deed as a mortgage, and seek an equitable foreclosure and sale. The fact is, that they did not attempt to do so. The judgment of the court makes no pretense so to foreclose, and therefore there can be no merger.

A junior mortgagee, brought into court at the suit of a superior mortgagee, may do one of two things—either affirmatively seek a foreclosure upon his own account, or without foreclosure ask for an application of any surplus to the reduction of his own debt. In the one case his mortgage lien is merged in the judgment; in the other it is not. In *Black v. Gerichten,* 58 Cal. 56, the earlier case of *Frink v. Murphy,* 21 Cal. 108, 81 Am. Dec. 149, is reviewed, and this distinction clearly pointed out. It was the latter course which the trustees adopted, and their deed was not extinguished, nor their rights under it merged, in the Land judgment.

The judgment and order appealed from are therefore affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.