[S. F. No. 1301.   Department Two.—May 26, 1899.]

## SAN JOSE WATER COMPANY, Respondent, *v.* JAMES H. LYNDON, as Sheriff, et cetera, Appellant.

FORECLOSURE OF PRIOR AND JUNIOR MORTGAGES—SHERIFF'S SALE TO PRIOR MORTGAGOR—MERGER OF JUNIOR MORTGAGE—RIGHT OF REDEMPTION.—Where, in an action for the foreclosure of a prior mortgage, a junior mortgagee, made a party defendant, filed a cross-complaint seeking the foreclosure of his mortgage, and the court decreed a foreclosure of both mortgages, and a sale under them, and a sheriff's sale under the decree was made to the prior mortgagor in satisfaction only of the prior mortgage, the junior mortgage is merged in the decree under which the property is sold, and the junior mortgagee has no mortgage lien subsequent to that on which the property was sold, entitling him to redeem the property from the sale.

ID.—DOCKETED JUDGMENT—CASE AFFIRMED.—*Black v. Gerichten*, 58 Cal. 56, affirmed on the point that there can be no redemption by a junior mortgagee under a judgment docketed in his favor after a sale made under foreclosure of his mortgage; and held that the rule in that case is applicable whether the docketed judgment is in the form of a deficiency judgment or not.

ID.—RIGHT TO SHERIFF'S DEED—MANDAMUS.—The sheriff cannot properly refuse to execute a deed to the prior mortgagee on account of an attempted redemption from the sale by the junior mortgagee; and, upon such refusal, he may be compelled by *mandamus* to execute the deed.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

E. M. Rosenthal, for Appellant.

S. F. Lieb, for Respondent.

THE COURT.—This is an appeal from the judgment of the superior court in a *mandamus* case commenced therein.   The purpose of the proceeding was to compel the defendant, as sheriff, to execute a conveyance of certain property sold by him to plaintiff's assignor under a decree of foreclosure and sale.   The court below ordered the mandate to issue as prayed for, and the appellant appeals from the judgment.   The appellant contends that the sheriff properly refused to execute the deed because re-

demption from the sale had been made by one Herman Levy. This contention cannot be maintained, and the judgment must be affirmed upon the authority of *Black v. Gerichten,* 58 Cal. 56.

The only facts necessary to be stated are these: An action was brought to foreclose a mortgage upon the land in question, and the said Levy, who was a junior mortgagee, was made a party to the foreclosure suit; Levy, by a cross-complaint, set up his junior mortgage, and prayed for a foreclosure of his mortgage and sale of the premises; the court decreed a foreclosure of both mortgages and a sale under them; the proceeds of the sale were merely sufficient to pay the senior mortgage; and Levy had a judgment docketed, but did not pray for nor was there any deficiency judgment, at least in form, entered.   The facts in *Black v. Gerichten, supra,* were similar to those in the case at bar, except that in the former case the junior mortgagee had a deficiency judgment entered—but the latter fact does not alter the rule there declared.   A mortgagee cannot redeem from the sale made upon the foreclosure of his mortgage; and it makes no difference whether the foreclosure is in a suit originally brought by him, or upon a cross-complaint in which he prays for and obtains a foreclosure in a suit brought by another mortgagee.   In the case above cited the court say: "Whether such mortgage was foreclosed in the action in which the mortgagee was plaintiff, or defendant, is immaterial, for in the latter case he filed a cross-complaint and prayed a foreclosure of his mortgage. It is quite clear that the plaintiff in this case had no mortgage lien on the property subsequent to that on which the property was sold.   For it was sold upon his mortgage lien, and his mortgage was merged in the judgment under which it was sold." Appellant relies upon *Frink v. Murphy,* 21 Cal. 108; 81 Am. Dec. 149; but that case is referred to in *Black v. Gerichten, supra,* and shown not to be applicable, because in *Frink v. Murphy, supra,* there was no cross-complaint and no foreclosure, nor prayer for a foreclosure, of the junior mortgage.   See, also, *Camp v. Land,* 122 Cal. 167, where *Black v. Gerichten, supra,* is approved.

The judgment appealed from is affirmed.