[S. F. No. 2206.   Department One.—June 11, 1902.]

# THE BAY CITY BUILDING AND LOAN ASSOCIATION, Respondent, v. CHARLES E. BROAD, Appellant.

MORTGAGE—BUILDING AND LOAN ASSOCIATION—MORTGAGEE NOT MEMBER —ULTRA VIRES—ESTOPPEL.—Whether a building and loan association has authority under its corporate powers to loan money upon mortgage to one who was not a member of the corporation is a question which cannot be raised collaterally by a mortgagor, who has dealt with the corporation, and received a sufficient consideration for his note and mortgage. Such mortgagor is estopped from setting up as a defense to an action thereon that the act of the corporation in taking his note and mortgage was *ultra vires.*

ID.—MORTGAGE UPON COMMUNITY PROPERTY—SUBSEQUENT HOMESTEAD— DECEASED WIFE—CLAIM AGAINST ESTATE.—Where the mortgage foreclosed was executed by the husband alone upon community property, the fact that the wife, who did not sign the note secured, subsequently filed a declaration of homestead upon the land mortgaged, and died before the commencement of the action, does not make it necessary that any claim should be presented against her estate before the foreclosure of the mortgage.

ID.—SURVIVORSHIP OF COMMUNITY AND HOMESTEAD—CODE PROVISION INAPPLICABLE.—The mortgage and the subsequent homestead being upon community property, upon the death of the wife the property described in the mortgage vested in the husband, as the survivor both of the community and of the homestead; and the provisions of section 1475 of the Code of Civil Procedure have no application under such a state of facts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Hu Jones, and Jones & O'Donnell, for Appellant.

E. H. Rixford, for Respondent.

HARRISON, J.—The plaintiff is a corporation organized under the provisions of sections 633-648½ of the Civil Code, as amended in 1891 (Stats. 1891, p. 252). In the year 1893 Hu Jones was a member of the plaintiff and the owner of certain shares of its capital stock, and on March 22d of that

year borrowed from it the sum of twenty-four hundred dollars, for which he gave his promissory note, and for the purpose of securing its payment executed to the plaintiff a pledge of his said shares of its capital stock, and also a mortgage upon certain land. He afterwards conveyed the land to the appellant, subject to said mortgage, and for a while thereafter the appellant made the payments which were specified in the note of Jones. On February 11, 1896, the appellant requested the plaintiff to release said mortgage, and to accept from him a mortgage upon other land to secure the indebtedness secured by the mortgage of Jones. The plaintiff accepted this proposition, and thereupon the appellant executed to the plaintiff the note and mortgage set forth in the complaint herein. Upon his default in making the payments required by said note plaintiff instituted the present action. Judgment was rendered in its favor for the foreclosure and sale of the land described in the defendant's mortgage, and the defendant has appealed.

1. Section 637 of the Civil Code provides: "The moneys in the hands of the treasurer, and such sums as may be borrowed by the corporation for the purpose, shall be loaned out in open meeting to the member who shall bid the highest premium, or may be loaned at such premium as may be fixed from time to time by the board of directors." The appellant never became a stockholder or member of the plaintiff corporation, and he alleges in his answer to the complaint, and also urges in support of his appeal herein, that the note and mortgage executed by him to the plaintiff are illegal and void, upon the ground that under the provisions of the above section the plaintiff is not authorized to loan money to any person other than its members or stockholders. Whether a loan of its money by the plaintiff to one who is not one of its members or stockholders is an unauthorized exercise of corporate powers is a question which cannot be raised collaterally by individuals, but can be presented for determination only in a direct action by the state against the corporation. The appellant is not at liberty to make such defense to the claim of the plaintiff herein. Having dealt with the plaintiff, and executed to it his note and mortgage upon a sufficient consideration therefor, he is estopped from setting up, as a defense to an action thereon, that the act of the plain-

tiff in taking his note and mortgage was *ultra vires*. (*Union Water Co.* v. *Murphy's Flat Fluming Co.*, 22 Cal. 620; *Grangers' Business Assn.* v. *Clark*, 67 Cal. 634; *Camp* v. *Land*, 122 Cal. 167.)

2. After the execution of the note and mortgage the wife of the appellant filed a declaration of homestead upon the land described in the mortgage, and died before the commencement of the present action. It is contended by the appellant that the plaintiff cannot maintain an action for the foreclosure of the mortgage until after the presentation of a claim therefor against the estate of the wife, and that, as it does not appear that such claim was ever presented, its action must fail.

It is not shown that any administration was ever had upon the estate of the wife; neither is it shown that the wife had any estate at the time of her death. She did not sign the note to the plaintiff, and there was no claim against her estate which could have been presented, even if she had left an estate. The property described in the mortgage was the community property of the husband and wife, and upon her death vested in the husband, as the survivor both of the community and of the homestead. Under such a state of facts the provisions of section 1475 of the Code of Civil Procedure have no application.

The judgment and order denying a new trial are affirmed.

Garoutte, J., and Van Dyke, J., concurred.