[Civil No. 1197. Filed October 29, 1912.]

[127 Pac. 721.]

CIRILO S. LEON and ELOISA F. LEON, His Wife, Appellants, v. THE CITIZENS' BUILDING AND LOAN ASSOCIATION, a Corporation, Appellee.

1. BUILDING AND LOAN ASSOCIATIONS—LOANS—ASSIGNABILITY OF DEBT. Where a note given by a member of a building and loan association for the amount of a loan was payable to the association or its order, and the deed of trust given to secure it provided for payment to the association, its successors, or assigns, the debt was assignable by the association.

2. CORPORATIONS—ULTRA VIRES—AVAILABILITY AS DEFENSE.—Where a member of a building and loan association has had the benefit of a loan from the association, he cannot resist payment to another association to whom the debt has been assigned on the ground of defects in its organization or want of power to take the assignment, since the doctrine of *ultra vires* will not be allowed where it would not advance justice, but would accomplish a legal wrong.

3. PARTIES—"REAL PARTY IN INTEREST"—ASSIGNEES.—An assignee of a note given to a building and loan association by a member was the real party in interest within the statute requiring actions to be brought in the name of the real party in interest, even though by such assignment it did not become the owner of the note.

4. REFERENCE—GROUNDS—CONSENT TO REFERENCE.—It was not error to appoint a referee to state an account in an action where the parties stipulated that the case be referred.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Owen T. Rouse, for Appellants.

Mr. S. M. Franklin, for Appellee.

FRANKLIN, C. J.—The appellants were members and own-ers of certain shares of the capital stock of the Tucson Build-ing and Loan Association, a corporation organized under the laws of the territory of Arizona. The shares of stock were issued to and stood on the books of the association in the name of the appellant Eloisa F. Leon. On the fifteenth day of September, 1899, they borrowed from the corporation the sum of $2,000, for which the said Cirilo S. Leon and Eloisa F. Leon gave their promissory note payable to the order of the corpo-ration. For the purpose of securing the payment of the note the appellants executed to the said association a pledge of their said shares of its capital stock; and as further security also executed a deed of trust covering certain land in the city of Tucson to Herbert B. Tenney, trustee, for the said Tucson Building and Loan Association. This action is brought by the Citizens' Building and Loan Association, a corporation organized under the laws of the territory of Arizona, as the assignee of the said Tucson Building and Loan Association. Its purpose is to foreclose the deed of trust, as evidenced by the promissory note aforesaid.

The complaint, epitomized, recites the fact of the loan being made, the execution of the note, the execution of the trust deed to Herbert B. Tenney, trustee, as security therefor, and the assignment of the note and security to the Citizens' Building and Loan Association; that at the time of the assignment default had been made in the payment of the loan, interest, etc., which has since continued. It also sets forth the fact of the death of said trustee, and makes the executors of his estate parties. The respective parties entered into a stipula-tion that the case be referred to a referee to state the account between the Leons and the Tucson Building and Loan Asso-ciation, and, in accordance therewith, a referee was appointed to whom the matter was referred. The case was tried upon the report of the referee, together with evidence oral and documentary. During the course of the trial the parties also stipulated that the certificate for ten shares of stock in the Tucson Building and Loan Association, standing in the name

of said Eloisa F. Leon, and issued to her, and pledged by her and her husband as security for the loan, should be canceled and the book value thereof deducted from the amount of the loan. After crediting the book value of said shares of stock, judgment was. given in favor of appellee for the sum of $1,550, interest and costs, with a foreclosure of the trust deed.

The appellants contend that the debt due from them to the Tucson Building and Loan Association was not assignable, and therefore the Citizens' Building and Loan Association, appellee herein, as the assignee, was not the real party in interest, and could not properly bring this suit. They insist that the Tucson Building and Loan Association had no power or authority to dispose of any part of its property to anyone; that the obligation and deed of trust described in the complaint were not property that could be transferred or assigned, but were personal contracts to be enforced and executed by and between the parties thereto, and the appellee, therefore, acquired no rights or property interests therein. This contention is answered by the note itself, which provides that it is payable to the Tucson Building and Loan Association, or its order; and the trust deed also provides that if the Leons pay the money to the Tucson Building and Loan Association, its successors or assigns, it shall be null and void, otherwise it shall remain in full force and effect.

This action by the appellee to foreclose the trust deed is further resisted upon the alleged grounds of irregularities in the organization of the plaintiff corporation, and the want of power on the plaintiff's part to take the assignment of the note and security. It may be well to remark that this is not a direct attack by the state, or by a member of the corporation, against it, seeking to prevent an unauthorized exercise of corporate powers. But the question of the power of the Citizens' Building and Loan Association to take the assignment is sought to be raised collaterally as a defense to the action. The appellants having enjoyed the full benefit of the contract —having received and used the money borrowed—cannot be permitted now to repudiate its burden by a collateral attack for the want of power in the corporation. Public policy is promoted by the maintenance of the obligation of contracts, and after the contract has been fully executed, and the appellants have enjoyed its full benefits, it would be most inequi-

table and unjust to permit them to resist the payment of the money borrowed upon the plea of *ultra vires*. The principles of common honesty and fair dealing are appropriate alike to measure the conduct of individuals as well as corporations. The doctrine of *ultra vires*, when invoked, should not be allowed where it would not advance justice, but, on the contrary, would accomplish a legal wrong. Upon well-established principles of equity the appellants are estopped in respect to the contention. *Farwell Co.* v. *Wolf*, 96 Wis. 10, 65 Am. St. Rep. 22, 37 L. R. A. 138, 70 N. W. 289, 71 N. W. 109; *Bay City Assn.* v. *Broad,* 136 Cal. 525, 69 Pac. 225; *Camp* v. *Land*, 122 Cal. 167, 54 Pac. 839; Thompson on Corporations, sec. 2789; Machen on Modern Law of Corporations, sec. 1048; Bigelow on Estoppel, 424.

Even if the appellee was not the owner of the note, the statute requires that every action shall be prosecuted in the name of the real party in interest, and the Citizens' Building and Loan Association, as the assignee of the note, is the real party in interest. *Sroufe* v. *Soto Bros. & Co.*, 5 Ariz. 10, 43 Pac. 221.

In the aspect of the case we have taken, the alleged errors on the admission and rejection of evidence tending to sustain or defeat the plea of *ultra vires* become immaterial.

The appellants assign as error the order of the court appointing a referee to state the account. It is manifest the court committed no error in this respect, for the reason that appellants requested that the order appointing the referee be made.

The complaint states a cause of action, the evidence supports the judgment, and, no error requiring a reversal of the case appearing, it follows that the judgment of the lower court should be affirmed. It is so ordered.

CUNNINGHAM and ROSS, JJ., concur.

Application for rehearing denied.

---

NOTE.—As to right of building and loan association to transfer loan made to member, see note in 4 L. R. A., N. S., 439.

As to description of indebtedness in mortgage, see note in 49 Am. St. Rep. 207.

As to *ultra vires,* see note in 70 Am. St. Rep. 156.

As to nominal holder's right of action on the promissory note held, see note in 1 Ann. Cas. 833.

As to the right to order compulsory reference in equitable suit, independent of statute, see note in Ann. Cas. 1912D, 1136.