[No. 34900. Department One. May 7, 1959.]

SEATTLE MEDICAL CENTER, INC., et al., *Respondents*, v. CAMEO CORPORATION, et al., *Appellants*.[1]

[1] Reported in 339 P. (2d) 93.

Helsell, Paul, Fetterman, Todd & Hokanson, Russell V. Hokanson, and Richard W. Bartke, for appellant.

Lycette, Diamond & Sylvester and Herman Howe, for respondents.

HUNTER, J.—This is an action to enjoin permanently the defendant Tim McCullough, sheriff of King county, from issuing a certificate of redemption to the defendant Cameo Corporation, and requiring the sheriff to issue a deed to the plaintiffs. The facts are undisputed and are before this court upon written stipulation of the parties.

On February 20, 1957, in cause No. 498812, in the superior court of King county, a decree was entered foreclosing certain mortgages to real estate. The real property was sold at a sheriff's foreclosure sale on March 29, 1957. As an assignee of judgment creditors of the defendant owners of the real property in the foreclosure action, the defendant Cameo Corporation, as a redemptioner, redeemed the property on March 26, 1958, as provided by statute. RCW 6.24.130 *et seq.*

On the same day, March 26, 1958, one Percy A. Thorn, as a redemptioner, filed with the sheriff a notice of his intention to redeem the above property; on March 27, 1958, Alex Shulman, as a redemptioner, also filed notice of his intention to redeem said property. Both Thorn and Shulman were qualified redemptioners under the statute, *supra.* Thereafter, the plaintiffs, Seattle Medical Center, Inc., and the Alexander Investment Company, became assignees of the respective judgments of Thorn and Shulman, and of their redemption rights. The plaintiffs thereupon redeemed

the property from the Cameo Corporation on April 8, 1958, by paying the sum of $123,748.30, to effect said redemption. The certificate of redemption was duly issued by the sheriff and recorded on April 9, 1958.

On June 4, 1958, the Western Utilities Supply Company assigned a judgment to the Cameo Corporation that it had obtained as a cross-complainant in the foreclosure proceeding in cause No. 498812. As owners of this judgment, the Cameo Corporation on June 4, 1958, as redemptioners, served notice of their intention to redeem, and tendered to the sheriff the correct sum of $125,375.67,..to effectuate such redemption if it could be legally made.

This action was immediately instituted by the plaintiffs, seeking a permanent injunction restraining the sheriff from issuing a certificate of redemption to the defendant Cameo Corporation, and further praying that the sheriff be directed to issue a sheriff's deed to the plaintiffs on the aforesaid real property. A temporary injunction was entered effective during the pendency of the action.

Upon the issues framed by the filing of defendants' answer to plaintiffs' complaint and plaintiffs' reply thereto, the trial was held.

The trial court entered its findings of fact, concluding therefrom that the Cameo Corporation had no right of redemption to the property in question; that the injunction against the sheriff of King county should be made permanent; that he be directed to issue to the plaintiffs a sheriff's deed to the said property forthwith. Judgment was entered accordingly. The defendant Cameo Corporation appeals.

Only two issues of law are raised by appellant's assignments of error: (1) whether the appellant, as a redemptioner, is entitled to redeem more than one year after foreclosure sale, where he tenders for redemption within sixty days after a prior redemptioner; (2) whether the appellant Cameo Corporation is a redemptioner within the meaning of the statute by virtue of its ownership of the judgment of Western Utilities Supply Company. The issues will be considered in order.

The right of redemption in this state is controlled by statute, as follows:

RCW 6.24.130. "Property sold subject to redemption, as above provided, or any part thereof separately sold, may be redeemed by the following persons, or their successors in interest:

"(1) The judgment debtor or his successor in interest, in the whole or any part of the property separately sold.

"(2) A creditor having a lien by judgment, decree or mortgage, on any portion of the property, or any portion of any part thereof, separately sold, subsequent in time to that on which the property was sold.

"The persons mentioned in subdivision (2) of this section are termed redemptioners."

RCW 6.24.140. "The judgment debtor or his successor in interest, or any redemptioner, may redeem the property at any time within one year after the sale, on paying the amount of the bid, with interest thereon at the rate of eight percent per annum to the time of redemption, together with the amount of any assessment or taxes which the purchaser or his successor in interest may have paid thereon after purchase, and like interest on such amount; . . ."

RCW 6.24.150: "If property be so redeemed by a redemptioner, *another redemptioner may, within sixty days after the last redemption, again redeem it from the last redemptioner . . . The property may be again, and as often as a redemptioner is so disposed, redeemed from any previous redemptioner within sixty days after the last redemption, . . .*" (Italics ours.)

It appears clear to us that the first redemptioner and the subsequent redemptioners are in separate categories. The former is governed by RCW 6.24.140, and the latter by RCW 6.24.150. It appears equally clear that there is no limitation on any sixty-day period for redemption allowed a subsequent redemptioner, nor upon the number of successive sixty-day redemption periods. It necessarily follows that one of these periods may extend one year beyond the date of the foreclosure sale. The respondents' contention that the redemption period of one year applies to redemptioners subsequent to the first redemptioner would be in express contravention of the effect of the statutory language of RCW 6.24.150, *supra.* In statutory construction, ef-

fect must be given if possible, to every word, clause and sentence of a statute. 2 Sutherland, Statutory Construction (3d ed.), 336, § 4703, and *State v. Houck*, 32 Wn. (2d) 681, 203 P. (2d) 693 (1949). .

█ We believe our above construction is consistent with both sections of the enactment and gives effect to the language expressed therein. Therefore, we hold the appellant was timely in its attempted redemption of the property on June 4, 1958. .

In considering the second issue as to whether the appellant Cameo Corporation was a redemptioner, requires our examination of the status of its assignor, the Western Utilities Supply Company, who will hereinafter be referred to as Western.

Western, one of the defendants in cause No. 498812, *supra,* appeared and filed an answer and cross-complaint therein, seeking foreclosure of its materialman's lien against the defendants, Jay E. Roberts and Marjorie J. Roberts, husband and wife, Jay Roberts, Inc., and Inverness, Inc. Plaintiffs in the action were the holders of the real estate mortgages. The judgment in the action and decree of foreclosure contained the following, in part:

". . . that said mortgages be, and they hereby are, foreclosed and the Said Balance of said Mortgaged Property, as above described, is hereby ordered sold by the Sheriff of King County, Washington, in the manner provided by law and in accordance with the usual practice of this court, subject to such rights of redemption as may be provided by law; that the proceeds of said sale are hereby ordered to be applied first to the payment of the costs thereof, next to the satisfaction of the judgment of defendants Rutherford in the sum of $1,104.72 plus interest thereon at 6% per annum from the date of judgment to the date of such sale, next to the satisfaction of plaintiffs' said judgment of $94,940.69 plus interest thereon at 6% per annum from the date of judgment to the date of such sale, next to the satisfaction of the remaining liens and claims against said property in the order and in the amounts set forth hereafter in this Decree; and

"It Is Further Ordered, Adjudged and Decreed that defendant Western Utilities Supply Co. have and recover

judgment of and from defendants Jay E. Roberts, the marital community composed of Jay E. Roberts and Marjorie J. Roberts, his wife, Jay Roberts, Inc. and Inverness, Inc., jointly and severally, in the sum of $6,432.09, together with interest thereon at 8% per annum from December 12, 1956 until paid, attorney's fees of $750.00, and court costs and expenses of $134.36; that said judgment of defendant Western Utilities Supply Co. be, and it hereby is, adjudged to be the first and paramount lien on all of said Balance of said Mortgaged Property, except Blocks 7, 8 and 9 of said Jay Roberts Country Club Estates Addition and lots 13 and 17 of said Inverness Addition, said lien being subject however to the aforesaid judgments of defendants Rutherford and of plaintiffs; and

" . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Sheriff be, and he hereby is, ordered to sell the entire said Balance of said Mortgaged Property as a *single parcel*; . . ." (Italics ours.)

No part of Western's judgment was satisfied as a result of the sale.

 The respondents contend that Western's lien was foreclosed by the above judgment. Relying on *Burwell & Morford v. Seattle Plumbing Supply Co.*, 14 Wn. (2d) 537, 128 P. (2d) 859 (1942), they contend that the appellant, who is in Western's position, is not a redemptioner under the statute, *as one may not redeem from his own foreclosure sale.* The rule of the *Burwell* case, as stated, is correct. In applying the rule to the instant case, the question to be determined is whether Western's lien was in fact foreclosed. Appellant contends that it was not.

 It is apparent from an examination of the decree, *supra*, that it does not contain any express language foreclosing Western's lien. The respondents argue, however, that Western's lien priority was determined and that the decree specifically provided the proceeds of the sale would be applied to the respective liens according to their priorities; that the lien of Western was, in effect, foreclosed; that it was Western's sale and for Western's benefit. We disagree. It is academic that a lien cannot be foreclosed on

land to which it does not attach. It appears on the face of the judgment that Western's lien was only on a part of the real property of the defendant owners. The decree directed that all the real property be sold in one parcel; there was no provision for a segregation or allocation of the proceeds realized from the sale to that portion of the real property to which Western's lien attached. Therefore, there was no foreclosure of Western's lien, in view of the manner in which the sale was conducted. The sale was not for Western's benefit as a lien claimant. It was not its sale. Western was a judgment creditor subsequent in time to that upon which the property was sold.

■ We believe the rule as applied to the right of a person to redeem from a sale in which he was a party, but which was not for a foreclosure of his lien, is correctly stated in *Western Land and Cattle Co. v. National Bank of Arizona*, 28 Ariz. 270, 236 Pac. 725 (1925), which was cited in the *Burwell* case, *supra*:

" . . . We think the true rule is laid down by the Supreme Court of California, and which was followed in the Horn case, in a long line of decisions to the effect that where a number of liens are foreclosed in one suit and there is one judgment and an order of sale thereon directing the payment of the liens in a certain order, none of the holders of such liens are entitled to redeem, but if the junior liens are not foreclosed the right of redemption still exists. *Frink v. Murphy*, 21 Cal. 108, 81 Am. Dec. 149; *Black v. Gerichten*, 58 Cal. 56; *Camp v. Land*, 122 Cal. 167, 54 Pac. 839; *San Jose v. Lyndon*, 124 Cal. 518, 57 Pac. 481; *Lauriat v. Stratton* (C.C.), 11 Fed. 107."

In the *Burwell* case, we quoted with approval from a law review article appearing in 3 Wash. L. Rev. 177. In the same article, the author analyzes the right of redemption of a party in a situation similar to that of Western's in this case:

"Since a creditor may redeem who has a lien by judgment, decree, or mortgage subsequent in time to that on which the sale was made, a junior mortgagee or judgment lien claimant, who is defendant in a suit to foreclose a senior mortgage, may elect, in simple cases at least, to obtain foreclosure of his own lien and thereby lose his right of redemp-

tion, *or to waive foreclosure and preserve his redemption right.* For example, A, owner, mortgages to B, and then to C. B institutes suit to foreclose his mortgage, making A and C defendants, and alleges in the usual form that C has or claims to have some right, etc., in the land, which, if any he has, is junior, subordinate, etc. to plaintiff's mortgage, and praying that it be so adjudged. In this supposed case C can pursue one of several courses.

"1. C can default. Judgment will be in favor of B, with resultant sale for satisfaction of. B's mortgage only. The mortgage lien of C being 'subsequent in time to that on which the property was sold' enables him to redeem. This is so although the decree fix the amount due C and directs any surplus remaining after payment of B be applied on C's mortgage.

"2. *C may appear and answer, asking application of any surplus after payment of B, be applied on. his, C's, mortgage. In this case C may redeem.*

"3. C may appear and answer, admitting B's allegations, or deny the same and pray dismissal. From the sale on B's behalf, C may redeem.

"4. C may answer and cross-complain praying foreclosure of his mortgage. The decree in favor of B and C foreclosing their mortgages and ensuant sale, is for and on behalf of both B and C, and C cannot redeem. This is so although the sale does not produce enough to pay the amounts due B and C." (Italics ours.)

As heretofore stated, we hold that Western was not a purchaser at its own foreclosure sale; that it was a judgment creditor subsequent in time to that upon which the property was sold; that the appellant Cameo Corporation, as assignee of Western, was a redemptioner within the meaning of the statute, *supra.* Having timely redeemed, the trial court erred in entering judgment permanently enjoining the sheriff of King county from issuing a certificate of redemption to the appellant, and in directing the sheriff to issue a deed to the respondents.

The judgment is reversed.

WEAVER, C. J., HILL, DONWORTH, and OTT, JJ., concur.