414 So.2d 1122 (1982)
SHIPP CORPORATION, INC., a Florida Corporation, Appellant,
v.
Arnold CHARPILLOZ and Alain Charpilloz, Individually and As Partners of the Conservatory, a Florida Partnership, Jointly and Severally, et al., Appellees.
No. 81-1473.
District Court of Appeal of Florida, Second District.
June 4, 1982.
John F. Hooley of Arthur V. Woodward, P.A., Marco Island, for appellant.
Frederick C. Kramer and Salvatore C. Scuderi, P.A., Marco Island, for appellees.
SCHOONOVER, Judge.
This is an appeal from an order recognizing an equity of redemption in the appellees, third mortgagees, and granting a motion to set aside a foreclosure sale on the ground of inadequate consideration. We reverse.
*1123 Ample Funds, Inc., a Florida corporation, filed an action to foreclose its first mortgage against The Conservatory, a Florida general partnership. They joined the second mortgagees, Norman Rubin and Gail Rubin, and the third mortgagees, appellees, Arnold and Alain Charpilloz, as defendants. The junior mortgagees filed cross-claims also seeking foreclosure.
A summary judgment was entered on April 22, 1981, and the clerk was directed to sell the subject property on May 20, 1981.
At the foreclosure sale, the first mortgagee, Ample Funds, Inc., bid the amount of its judgment, i.e., $802,371.41. The second mortgagees bid the amount of their judgment, i.e., $257,915.50, plus the amount bid by Ample Funds, Inc. The appellees, holders of a judgment in the amount of $2,065,932, were present at the sale through their attorneys but did not bid. The appellant, Shipp Corporation, made the high bid of $1,100,000.
On May 29, 1981, the appellees filed a motion for redemption of the senior mortgages. They also moved for an order setting aside and refusing to confirm the foreclosure sale on the grounds of inadequacy of consideration. Both motions were granted.
The appellant contends that any equity of redemption belonging to the appellees was extinguished at the time of the final judgment and that the trial court erred in setting aside or refusing to confirm the foreclosure sale. We agree with these contentions.
The phrase "right of redemption" has a two-fold meaning. When it is used with respect to a mortgagor, it refers to his right, prior to being foreclosed from that right, to satisfy the mortgage indebtedness which encumbers his property. When the phrase is used with reference to a junior mortgagee, as in the case sub judice, it refers to his right to satisfy a prior mortgage by payment of the debt it secures and thereby become equitably subrogated to all rights of the prior mortgagee. 22 Fla.Jur. Mortgages § 405 (1958).
A mortgagee's right of redemption applies to the rights of senior mortgagees and not to the underlying real property. This right does not confer greater rights upon the junior mortgagee exercising the right of redemption than were held by the senior mortgagee. A mortgagor holds legal title to the mortgaged property while the mortgagee's interest is merely that of a lienor. Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975).
A junior mortgagee who is made a party to a foreclosure action brought by a senior mortgagee has his rights determined by the entry of a final judgment. Where a junior mortgagee joins in the action and files a cross-claim seeking a sale of the property, he loses his right to redeem from the senior mortgagee at the time of the final judgment.
We agree with the holding in the California case of San Jose Water Co. v. Lyndon, 124 Cal. 518, 57 P. 481 (1899), wherein the court held that a mortgagee cannot redeem from a sale made upon foreclosure of his own mortgage; and it makes no difference whether the foreclosure is in a suit originally brought by him or upon a cross-complaint in which he prays for and obtains a foreclosure in a suit brought by another mortgagee.
We also agree with the appellant's contention that the trial court erred in setting aside or refusing to confirm the foreclosure sale on the basis of inadequate consideration.
This court has held in American National Bank v. Lau, 268 So.2d 567 (Fla. 2d DCA 1972), at page 572:
[A]nyone subsequently dealing with property sold at a judicial sale has a right to rely on the apparent finality of the judicial proceeding giving rise to the instrument creating a new chain of title, and in the absence of any other patent irregularity in such proceedings he need not concern himself with the recorded consideration or purchase price given at the sale, however apparently inadequate.
*1124 The appellees do not allege any irregularity in the sale or in the entry of the summary judgment or order requiring the sale. Although they were represented at the sale, they took no action to protect their own interests. The failure of a party to take the required steps necessary to protect his own interest cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980).
In this case, the total indebtedness for the three mortgages amounted to $3,126,218.91. The fair market value of the subject property was in the range of $2,800,000 to $3,200,000. We cannot say that a bid in the amount of $1,100,000 was so grossly inadequate that it should have shocked the judicial conscience. The First District Court of Appeal has taken judicial notice that a forced sale seldom brings the property's true value, but that is not a controlling factor upon the question of the purchaser's right to confirmation. O'Neal v. McElhiney, 172 So.2d 492 (Fla. 1st DCA 1965).
The general rule has been set forth by the supreme court in the case of Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966), at page 577, as follows:
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
The appellees agree with the general statement of law but contend that in addition to inadequacy of price, other factors existed in this case. They first contend that if the foreclosure sale had not been set aside, a large deficiency judgment could be realized. This fact standing alone will not support their position. They additionally contend that we should consider that they deposited funds necessary to redeem the senior mortgages at the time they moved to redeem. The fact that the appellees deposited funds to redeem has nothing to do with showing a mistake, accident, surprise, fraud, misconduct, or other irregularity on the part of the purchasers or others. Their last contention, i.e., that settlement negotiations between the parties had taken place, has no merit.
Accordingly, the court should have confirmed the sale in question because the appellees did not allege any irregularity in the proceedings and there was no proof of any mistake, accident, surprise, misconduct, fraud, or other irregularity to go with the alleged inadequacy of price.
We accordingly reverse and remand for proceedings consistent herewith.
SCHEB, C.J., and GRIMES, J. concur.