434 So.2d 54 (1983)
GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
Anthony J. GUADAGNINO and Rosanna M. Guadagnino, His Wife, et al., Appellees.
No. 82-2378.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
George W. English, III, of English, McCaughan & O'Bryan, Fort Lauderdale for appellant.
Michael J. McNerney of Brinkley, McNerney, Morgan & Ashcraft, Fort Lauderdale, for appellee, Merrill A. Bookstein, as trustee.
BERANEK, Judge.
This appeal involves a junior mortgagee's right to redeem in a foreclosure action. Glendale Federal Savings and Loan Association (senior mortgagee) instituted foreclosure proceedings against the Guadagninos (mortgagors), Merrill Bookstein (junior mortgagee), and others. Final summary judgment was entered in favor of Glendale Federal Savings and Loan Association. The property was then sold to Glendale who was the highest bidder at the foreclosure sale. Bookstein did not attend the sale or bid on the property.
Subsequent to the sale, but prior to the issuance of the certificate of title, Bookstein filed a motion to redeem. The trial court did not consider the motion until after the certificate of title was issued to the bank, and the motion was granted. The bank appeals, alleging this was error.
It is well established that as a junior mortgagee, Bookstein had a right to redeem. That right is distinguishable from the mortgagor's right to redeem in that it refers to his right to satisfy a prior mortgage by payment of the debt it secures. The junior mortgagee then becomes equitably subrogated to all rights of the senior mortgagee. However, a junior mortgagee who is made a party to a foreclosure action brought by a senior mortgagee has his rights determined by the entry of the final judgment. Shipp Corporation, Inc. v. Charpilloz, 414 So.2d 1122 (Fla. 2d DCA 1982).
We conclude that Bookstein's attempts to redeem were untimely and we reverse the decision of the lower court with instructions *55 to reinstate the certificate of title to Glendale Federal Savings and Loan Association.
REVERSED AND REMANDED.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.